CITY OF AKRON, Appellee,

v.

HOLLAND OIL COMPANY, Appellant.

[Cite as *Akron v. Holland Oil Co.* (2001), 146 Ohio App.3d 298.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20521.

Decided Oct. 10, 2001.

*Max Rothal,* Director of Law, *Douglas J. Powley,* Chief City Prosecutor, and *Gerald K. Larson,* Assistant City Prosecutor, for appellee.

*Charles J. Cochran, Jr.,* for appellant.

WHITMORE, Judge.

Appellant Holland Oil Company ("Holland") has appealed from an order of the Akron Municipal Court finding it guilty of one count of the sale of alcohol to an underage person. This court reverses and remands.

I

On December 18, 2000, two officers of the Akron Police Department conducted a "controlled buy" of alcohol by an underage purchaser at the Holland station located at 924 East Exchange Street. The operation began with a nineteen-year-old confidential informant driving a mini-van through the drive-through at Holland. One officer was in the rear of the van, unseen by the clerk; another officer was watching the door from outside the business.

The informant told the clerk that she wanted a six-pack of Bud Lite. When the clerk asked whether she had any identification, the informant responded that she did not but that she was twenty-two years old. The clerk then asked for her date of birth, and the informant recited a birth date. The clerk proceeded to sell the beer to the informant, and the informant and the officer drove away in the van.

On December 20, 2000, the officers returned to Holland to identify the clerk who sold the beer to the informant, and to issue summonses to the clerk and the business. The manager allowed the officers to view the surveillance video from the date of the buy. The clerk, upon recognizing himself in the video, identified himself as the one who had sold the beer to the informant.

The clerk and Holland were each charged with one count of the sale of alcohol to an underage person, in violation of R.C. 4301.69(A). The clerk pled guilty to the charge, but Holland entered a plea of not guilty.

At a pretrial hearing on February 1, 2001, Holland orally moved to dismiss, apparently alleging that the complaint was defective on its face. The trial court denied the motion and entered an order permitting the city to amend the complaint: "Charge amended to [R.C.] 2901.23 [organizational criminal liability] (subsection to be amended w/in one week)." The city, however, did not thereafter amend the subsection.

At the commencement of trial, the city moved to vacate the order amending the charge to R.C. 2901.23, and to proceed with the charge as originally filed under R.C. 4301.69(A). Holland reasserted its objection that its defense was prejudiced by the lack of notice of a specific subsection of R.C. 2901.23 under which the city sought to impose liability. The trial court granted the city's motion to proceed under R.C. 4301.69(A), and indicated that it would have to take into consideration R.C. 2901.23 in determining whether the city had established Holland's criminal liability. The trial court then offered Holland a four- or five-day continuance to provide sufficient time to prepare its defense. Holland declined the offer, however, stating that more time would not cure the prejudice its defense would suffer by the city's failure to designate a subsection under which it intended to proceed. The matter was then tried before the court.

At the close of the city's case, Holland moved for acquittal pursuant to Crim.R. 29, and renewed its motion at the close of its defense. Both motions were denied. Holland was found guilty of the sale of alcohol to an underage person, in violation of R.C. 4301.69, and liability was imposed pursuant to R.C. 2901.23(B). Holland filed a motion for a new trial, which the trial court denied. Holland has timely appealed, asserting three assignments of error. This court has rearranged Holland's assignments to facilitate review.

## II

### Assignment of Error No. I

"The trial court erred in setting aside its order dated February 1, 2001[,] which required the [city] to state specifically the subsection of [R.C.] 2901.23 under which the [city] sought to impose organizational liability against [Holland]."

In its first assignment of error, Holland has argued that the trial court's amendment of the complaint immediately before the trial commenced constituted prejudicial error. Specifically, Holland has argued that the trial court erred in overruling its previous (February 1, 2001) amendment and order directing the city to specify the subsection of R.C. 2901.23 under which it intended to impose

organizational liability on Holland. The city has responded, arguing that the trial court did not err because the original complaint sufficiently apprised Holland of the essential facts constituting the offense and the statute under which the city intended to proceed.

Crim.R. 7(D) provides:

"The court may at any time before, during, or after a trial amend the * * * complaint * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the * * * complaint, or to cure a variance between the * * * complaint and the proof, the defendant is entitled to * * * a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by the postponement thereof to a later day[.]"

██ This court reviews a trial court's decision permitting amendment of a complaint under an abuse-of-discretion standard. *State v. Mundy* (1994), 99 Ohio App.3d 275, 313, 650 N.E.2d 502, appeal not allowed (1995), 72 Ohio St.3d 1420, 648 N.E.2d 513. " '[A]buse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. To constitute reversible error, the appellant must show not only that the trial court abused its discretion but that the amendment hampered or otherwise prejudiced appellant's defense. *Mundy* at 313, 650 N.E.2d 502.

The city's initial complaint filed on December 21, 2000, charged Holland with selling alcohol to an underage person in violation of R.C. 4301.69(A), which provides:

"[N]o person[1] shall sell beer or intoxicating liquor to an underage person, * * * unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian." (Footnote added.)

██ Crim.R. 3 defines a complaint as "a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance." The primary purpose of the

---

1. Holland is made susceptible to prosecution under this language by R.C. 4301.01(B)(7): "As used in sections 4301.01 to 4301.74 of the Revised Code * * * '[p]erson' includes firms and corporations."

charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged. *State v. Riffle* (Mar. 12, 2001), Pickaway App. No. 00CA041, unreported, 2001 WL 273202, citing *State v. Lindway* (1936), 131 Ohio St. 166, 5 O.O. 538, 2 N.E.2d 490, certiorari denied (1936), 299 U.S. 506, 57 S.Ct. 36, 81 L.Ed. 375.

In the instant case, Holland has not claimed that it was uninformed of the city's intent to prosecute it for the sale of alcohol to an underage person. In fact, the transcript of the proceedings indicates that by fax transmission, on February 5, 2001, the city sent Holland notice of its intention to withdraw the amendment with respect to R.C. 2901.23, and proceed with the claim as originally filed under R.C. 4301.69. Holland has alleged, rather, that it was prejudiced by the city's failure to specify the subsection of R.C. 2901.23 under which it intended to impose organizational liability.

R.C. 2901.23, as the trial court explicitly recognized, does not itself define the elements of any criminal offense. Rather, it sets forth the conditions upon which an organization may be held liable for the criminal acts of its agents or employees. The only criminal charge facing Holland was a violation of R.C. 4301.69(A), and Holland has not contested the sufficiency of the complaint with respect to that statute or the facts constituting the offense charged. Accordingly, Holland has failed to show that the trial court's amendment of the complaint and decision to proceed under R.C. 4301.69 was unreasonable, arbitrary, or unconscionable. Holland has also failed to show that it was prejudiced by the trial court's allowance of the amendment. A showing of prejudice is especially difficult given that Holland was notified by fax of the city's intent to proceed under R.C. 4301.69, and that Holland refused the trial court's offer of a continuance to provide Holland with additional time in which to prepare its defense.

Holland's first assignment of error is overruled.

### Assignment of Error No. III

"The trial court erred in using [R.C.] 2901.23(B) as the basis for imposing organizational liability."

In its third assignment of error, Holland has argued that the trial court's use of R.C. 2901.23(B) as the sole basis for imposing organizational liability was erroneous. Specifically, Holland has argued that the trial court erred in failing to require the city to prove the elements of one of the R.C. 2901.23(A) subsections. This court agrees.

This court reviews the trial court's application of the law *de novo*. *Medina v. Talmage* (July 11, 2001), Summit App. No. 3160–M, unreported, at 2, 2001 WL 773239. The city has correctly pointed out that a violation of R.C. 4301.69 is a strict liability offense. See *Akron v. Motter* (Mar. 31, 1999), Summit

App. No. 19204, unreported, at 5, 1999 WL 194744, appeal not allowed (1999), 86 Ohio St.3d 1437, 713 N.E.2d 1049. The nature of the offense as one of strict liability, however, is not dispositive of this case, because it does not describe *who* can be held strictly liable for the violation. At issue on this appeal is whether Holland, as an organization, can be held strictly liable for a violation of R.C. 4301.69 that was committed by a Holland employee. Resolution of this issue requires an analysis of R.C. 2901.23, which establishes the requirements for imposing organizational criminal liability. That statute provides:

"An organization may be convicted of an offense under any of the following circumstances:

"(1) The offense is a minor misdemeanor committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, such provisions shall apply.

"(2) A purpose to impose organizational liability plainly appears in the section defining the offense, and the offense is committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, such provisions shall apply.

"(3) The offense consists of an omission to discharge a specific duty imposed by law on the organization.

"(4) If, acting with the kind of culpability otherwise required for the commission of the offense, its commission was authorized, requested, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting in behalf of the organization and within the scope of his office or employment." R.C. 2901.23(A).

While the city never specified the subsection of R.C. 2901.23 under which it sought to prosecute Holland, the trial court indicated immediately before trial and in its verdict and sentencing that it was looking to subsection (B) in making its decision. R.C. 2901.23(B) provides: "When strict liability is imposed for the commission of an offense, a purpose to impose organizational liability shall be presumed, unless the contrary plainly appears." The trial court interpreted this provision as obviating the need to satisfy the requirements of R.C. 2901.23(A) when seeking to impose organizational liability for a strict liability crime.[2]

---

2. On the facts of this case, the only provision of R.C. 2901.23(A) under which Holland could be held liable is R.C. 2901.23(A)(2). Accordingly, this court confines its analysis to the intersection of that subsection and R.C. 2901.23(B).

Subsection (B) of R.C. 2901.23 does not circumvent the whole of subsection (A) by holding strictly liable an organization for every strict liability violation committed by that organization's agent or employee. Rather, the purpose of subsection (B) is to dispense with the R.C. 2901.23(A)(2) element of proving "[a] purpose to impose organizational liability" where the offense is one of strict liability. Where strict liability is to be imposed, subsection (B) relieves the prosecution of the burden of proving the "purpose" element and instead provides that a presumption of such a purpose exists "unless the contrary plainly appears."

Based on the foregoing, this court finds that the trial court erred in using R.C. 2901.23(B) as the sole basis for imposing organizational liability on Holland. Accordingly, Holland's third assignment of error is sustained.

### Assignment of Error No. II

"The trial court erred in not permitting [Holland] to elicit testimony and introduce evidence that would show that the employee was not working within the scope of his employment with [Holland] at the time of the underage sale. Proof that the employee was working within the scope of his employment is an element required under [R.C.] 2901.23(A)(2)."

In its second assignment of error, Holland has argued that the trial court erred in refusing to allow Holland to introduce evidence that the clerk who sold the underage informant the alcohol was not, at the time of the sale, working within the scope of his employment. The city has responded, arguing that the sale of alcohol to an underage person is a strict liability offense, and therefore any evidence submitted for the purpose of showing that the clerk was acting beyond the scope of his employment at the time of the sale is irrelevant.

"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. An abuse of discretion is more than an error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

As this court noted in its analysis of Holland's third assignment of error, R.C. 2901.23(B) does not entirely relieve the prosecution of its burden of proving one of the R.C. 2901.23(A) subsections for a strict liability offense. Subsection (B) of R.C. 2901.23 leaves intact, rather, the remaining requirements of subsection (A)(2), including that "the offense is committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or

employment." The trial court abused its discretion, therefore, in excluding Holland's proffered evidence and testimony that the clerk was not working within the scope of his employment when he sold the alcohol to the underage informant. Holland's second assignment of error is sustained.

## III

Holland's first assignment of error is overruled; the second and third assignments of error are sustained. The judgment of the trial court is reversed, and the cause is hereby remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and CARR, J., concur.