CITY OF AKRON (State of Ohio), Appellee,

v.

HOLLAND OIL COMPANY, Appellant.

[Cite as *Akron v. Holland Oil Co.,* 149 Ohio App.3d 14, 2002-Ohio-4150.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20954.

Decided Aug. 14, 2002.

Max Rothal, Director of Law, Douglas J. Powley, Chief City Prosecutor, and Gerald K. Larson, Assistant City Prosecutor, for appellee.

Clair E. Dickinson and Joseph T. Dattilo, for appellant.

WHITMORE, Judge.

{¶ 1} Defendant-appellant Holland Oil Co. ("Holland") has appealed from a judgment of the Akron Municipal Court finding it guilty of one count of the sale of alcohol to an underage person. This court reverses.

I

{¶ 2} Acting in cooperation with an underage informant, Akron police officers conducted a "controlled buy" of alcohol at the Holland station located at 924 East Exchange Street. Soon thereafter, Akron police returned to the Holland station to issue summonses to Mr. Mitchell, the cashier working at Holland who sold the

informant the alcohol, and to the business. Each was charged with one count of the sale of alcohol to an underage person in violation of R.C. 4301.69.[1] Holland entered a plea of not guilty, and the matter proceeded to trial. The court found Holland guilty, and imposed liability pursuant to R.C. 2901.23(B).

{¶ 3} Holland appealed to this court, and we reversed and remanded the cause to the trial court for further proceedings. *Akron v. Holland Oil Co.* (2001), 146 Ohio App.3d 298, 765 N.E.2d 979, 2001–Ohio–1415 (*"Holland I"*). On remand, the parties submitted the action to the trial court for decision based on detailed stipulations of fact. At the conclusion of the trial on remand, the court again found Holland guilty pursuant to R.C. 4301.69 and R.C. 2901.23(A)(2). Holland has timely appealed, asserting two assignments of error.

## II

### Assignment of Error Number One

{¶ 4} "The trial court incorrectly failed to follow the law of the case."

{¶ 5} In its first assignment of error, Holland has argued that the trial court erred in failing to follow the law of the case as set forth by this court in *Holland I.* In *Holland I,* we held that the trial court erred in refusing to permit Holland to introduce evidence tending to show that Mitchell was not acting within the scope of his employment at the time he sold the alcohol to the informant. *Holland I,* 146 Ohio App.3d at 306, 765 N.E.2d 979. Holland has argued that this determination in *Holland I* implicitly compelled an acquittal of Holland at trial on remand if the evidence offered by Holland had been believed by the trier of fact. According to Holland, the parties' stipulation that the evidence was true resolved the only factual issues before the trial court, and the court's conviction of Holland after considering the stipulated evidence was contrary to the law of the case established in *Holland I.*

{¶ 6} R.C. 4301.69(A) provides:

{¶ 7} "[N]o person shall sell beer or intoxicating liquor to an underage person, * * * unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian."

{¶ 8} R.C. 2901.23(A) provides that, under certain circumstances, criminal liability may be imposed upon an organization based upon conduct of its employ-

---

1. Only Holland's liability is at issue in the proceedings before this court.

ees. In *Holland I,* this court considered the city's prosecution of Holland based on R.C. 2901.23(A)(2), which provides:

{¶ 9} "An organization may be convicted of an offense under any of the following circumstances:

{¶ 10} " * * *

{¶ 11} "(2) A purpose to impose organizational liability plainly appears in the section defining the offense, and the offense is committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, such provisions shall apply."

{¶ 12} R.C. 2901.23(B) further provides that "[w]hen strict liability is imposed for the commission of an offense, a purpose to impose organizational liability shall be presumed, unless the contrary plainly appears." A violation of R.C. 4301.69(A) is a strict liability offense. See *Akron v. Motter* (Mar. 31, 1999), 9th Dist. No. 19204, at 5, 1999 WL 194744, appeal not allowed (1999), 86 Ohio St.3d 1437, 713 N.E.2d 1049. Accordingly, a purpose to impose organizational liability for a violation of R.C. 4301.69(A) is presumed in this case. *Holland I,* 146 Ohio App.3d at 304–305, 765 N.E.2d 979. However, the city was still required to prove the remaining elements of R.C. 2901.23(A)(2) to impose organizational liability on Holland, including that "the offense [was] committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment." Id. at 305–306, 765 N.E.2d 979, quoting R.C. 2901.23(A)(2). Accordingly, we held in *Holland I* that it was error for the trial court to refuse to allow Holland to introduce evidence tending to show that Mitchell was not acting "within the scope of his office or employment" at the time he sold the Bud Lite to the informant. Id. at 306, 765 N.E.2d 979.

{¶ 13} On remand, the parties submitted to the trial court detailed stipulations of fact, which included the following:

{¶ 14} At the time Holland hired Mitchell in March 1999, Holland provided him training in the sale of alcohol and, in particular, Holland's policy that alcohol would not be sold to any person who appeared to be under the age of thirty unless that person presented valid identification establishing that he or she was at least twenty-one years old.

{¶ 15} Shortly after he was hired, Mitchell signed Holland's alcohol sales policy, by which he agreed not to sell alcohol to anyone who appeared to be under the age of thirty unless the potential buyer presented proper identification establishing that he or she was at least twenty-one years old.[2]

---

2. The parties also stipulated to the admission of copies of Holland's alcohol sales policy signed by Mitchell, as well as numerous signs posted at the Holland store where Mitchell worked,

{¶ 16} Holland again provided Mitchell training regarding its alcohol sales policy on April 13, 2000, at which time Holland emphasized to Mitchell that he was not to sell alcohol to any person who appeared to be under the age of thirty without examining proper identification establishing that the purchaser was at least twenty-one years old.

{¶ 17} On December 18, 2000, Akron police and an underage informant pulled into the drive-through at Holland, where Mitchell was working as a cashier.

{¶ 18} The informant asked Mitchell for a six-pack of Bud Lite.

{¶ 19} The informant appeared to Mitchell to be twenty-seven years of age.

{¶ 20} Mitchell asked to see the informant's identification, and she responded that she did not have any with her.

{¶ 21} Mitchell then asked the informant her birth date, and she recited a date of birth which, if true, would have meant that she was twenty-two years old.

{¶ 22} Mitchell proceeded to sell the informant the Bud Lite, and placed the cash received from the sale into Holland's register.

{¶ 23} Mitchell understood at the time he sold the beer to the informant that he was not authorized or permitted to do so pursuant to Holland's policy because she appeared to be under the age of thirty and did not have proper identification establishing that she was at least twenty-one years old.

{¶ 24} Mitchell further understood that if Holland learned of the sale to the informant, he would be disciplined and possibly fired, regardless of the informant's actual age.

{¶ 25} When Holland learned that Mitchell had sold beer to an individual who appeared to be under the age of thirty in violation of its alcohol sales policy, it immediately transferred him to a store at which alcohol is not sold.

{¶ 26} Holland has first argued that this court's remand of the case in *Holland I* for consideration of evidence regarding whether Mitchell was acting in the "course and scope of his employment" at the time of the sale to the informant implicitly established as law of the case that such evidence, if believed, must result in Holland's acquittal.

{¶ 27} The law-of-the-case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410.

---

emphasizing Holland's policy of not selling alcohol to persons who appear to be under the age of thirty without proper identification.

"The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Id. "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." Id. Application of the doctrine of law of the case to the matters before the trial court presents a legal question, which we review de novo. *Orrville Prod. v. MPI, Inc.* (June 9, 1994), 8th Dist. No. 65184, 1994 WL 258631.

{¶ 28} In *Holland I,* we reversed Holland's conviction because the trial court imposed organizational liability solely based on R.C. 2901.23(B). *Holland I,* 146 Ohio App.3d at 304–305, 765 N.E.2d 979. We held that the trial court erred in not requiring the city to prove all of the elements of R.C. 2901.23(A)(2) before convicting Holland, and remanded the case for further proceedings. Id. We also held that the trial court erred in not permitting Holland to introduce evidence that might disprove the element of R.C. 2901.23(A)(2), that Mitchell was working within the scope of his employment at the time of the sale of alcohol to the informant. Id. at 306, 765 N.E.2d 979. However, the persuasiveness of Holland's evidence was not before us in *Holland I.* A determination, either express or implied, that Holland's evidence was dispositive of the "course and scope" issue cannot fairly be divined from *Holland I,* because this court did not and could not consider at that time what evidence Holland and the city might submit to the trial court on remand.

{¶ 29} In sum, this court in *Holland I* determined that the city must prove all the elements of R.C. 2301.23(A)(2); we did not "implicitly" hold that Holland's proffered evidence, if believed, would preclude its conviction under that statute. Holland's first assignment of error is without merit.

### Assignment of Error Number Two

{¶ 30} "The trial court's conviction of [Holland] for violating [R.C. 4301.69] was not supported by sufficient evidence."

{¶ 31} In its second assignment of error, Holland has argued that the trial court erred in convicting it of selling alcohol to an underage person because there was insufficient evidence on which to base the conviction. Specifically, Holland has argued that the undisputed evidence before the trial court established that Mitchell was not acting in the "course and scope of his employment" at the time he sold the alcohol to the informant.

20

{¶ 32} In reviewing the sufficiency of the evidence, it is the function of this court:

{¶ 33} "[T]o examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 34} " ' "[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6th Ed. 1990) 1433." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id. at 387, 678 N.E.2d 541.

{¶ 35} The city has cited numerous cases in which civil causes of action against employers have been upheld based on the tortious acts of employees, even where the employees' conduct is in violation of a company rule or constitutes a mistake in judgment. See *Calhoun v. Middletown Coca–Cola Bottling Co.* (1974), 43 Ohio App.2d 10, 72 O.O.2d 158, 332 N.E.2d 73 (affirming bottling company's liability for injuries to sixteen-year-old assistant hired by delivery driver, in spite of company's policies forbidding employment of anyone under age eighteen as well as unauthorized riders on its trucks); *Martin v. Cent. Ohio Transit Auth.* (1990), 70 Ohio App.3d 83, 590 N.E.2d 411 (affirming bus company's liability for injury to person shot by bus driver while trying to unlawfully enter the bus, in spite of bus company's policy prohibiting drivers from carrying weapons). Holland has argued that the principles of respondeat superior applied by these cases are inapplicable to criminal prosecutions of organizations pursuant to R.C 2901.23.

{¶ 36} In support of its position, Holland has cited *Anderson v. Ohio* (1872), 22 Ohio St. 305, 1872 WL 4, in which the owner of a saloon appealed his conviction for violating a statute that prohibited the sale of alcohol to minors. The owner argued that the liquor was sold by his employee in violation of the owner's "strict and most positive instruction to sell no intoxicating liquor to any minor," and in making the sale the employee acted without the owner's authority. Id. at 305. The trial court applied the principles of respondeat superior articulated in civil cases, which hold the principal liable for the actions "of his agent done within the general scope of his authority, irrespective of actual instructions that

were unknown" to persons dealing with the agent. Id. The Ohio Supreme Court reversed, holding:

{¶ 37} "The rule as to the conclusive effect of the *prima facie,* or apparent authority of an agent, ought not to be applied to the enforcement of a criminal statute where such statute is fairly susceptible of a different construction. The accused, in such case, has the right to rebut the presumption of *prima facie* agency, which the evidence makes against him, by showing, if he can, that the criminal act was, in fact, committed without his authority and against his instructions.

{¶ 38} "Strictly speaking, the legal relation of principal and agent does not exist in regard to the commission of criminal offenses. * * * [W]hen it in fact appears that the person accused in no way participated in the commission of the criminal act, he ought not, by construction, to be made punishable for it." Id. at 308.

{¶ 39} In the instant case, the legislature has enacted a statute specifically to address the imposition of organizational liability for acts committed by the organization's employee. Pursuant to that statute, the city was required to prove that "the offense [was] committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment[.]" R.C. 2901.23(A)(2). Holland has conceded that Mitchell was acting "in [Holland's] behalf" at the time of the sale to the informant, because the Bud Lite belonged to Holland before the sale, and Mitchell placed the proceeds from the sale into Holland's cash register. Holland has contended, however, that Mitchell was not acting in the course and scope of his employment at the time of the sale, because it was stipulated that he knowingly violated Holland's alcohol sales policy in making the sale. Holland has argued that the General Assembly would not have included as elements of R.C. 2901.23(A)(2) that the employee was acting "in [the organization's] behalf," *and* that the employee was acting "within the scope of his office or employment," if both elements could be satisfied by evidence that the employee accepted money from the purchaser and placed it in the organization's cash register.

{¶ 40} This court finds *Anderson's* distinctions between conduct in the course and scope of employment for purposes of imposing civil and criminal liability pertinent to our analysis of R.C. 2901.23(A)(2). All the evidence before the trial court showed that Holland diligently trained Mitchell regarding its policies on the sale of alcohol, and that Mitchell's sale to the informant was in knowing violation of Holland's policy. See *Anderson* at 308 ("Of course, the directions to the clerk or agent forbidding the sale must be in good faith to be of any avail. * * * The fact of agency is to be determined by the *real understanding* between the principal and agent."). (Emphasis sic.) Accordingly, there was no evidence from

which a rational trier of fact could have concluded that Mitchell was acting within the course and scope of his employment at the time of his knowing violation of R.C. 4301.69(A).

{¶ 41} Given the detailed stipulations of fact entered into by the parties, we conclude that on the facts of this case, there was insufficient evidence from which the trial court could have found beyond a reasonable doubt that Mr. Mitchell was acting in the course and scope of his employment when he sold the Bud Lite to the underage informant. Holland's second assignment of error is well taken.

### III

{¶ 42} Holland's first assignment of error is overruled, and the second assignment of error is sustained. The judgment of the trial court is reversed.

Judgment reversed.

SLABY, P.J., and BAIRD, J., concur.