CITY OF AKRON, APPELLANT, *v.* HOLLAND OIL COMPANY, APPELLEE.

[Cite as *Akron v. Holland Oil Co.*,
102 Ohio St.3d 1228, 2004-Ohio-2834.]

(No. 2002–1678—Submitted October 21, 2003—Decided June 16, 2004.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent.

**PFEIFER, J., dissenting.**

{¶ 2} This case should be decided on the merits.

{¶ 3} On December 18, 2000, an underage informant of the Akron Police Department conducted a controlled buy of alcohol at a store operated by appellee, Holland Oil Company ("Holland"), located at 924 Exchange Street in Akron. The 19–year–old informant drove a minivan through the drive-through while an officer remained hidden in the rear of the van. The informant told the clerk that she wanted to purchase a six-pack of beer. She stated that she was 22 years old and, when asked, stated her date of birth. The clerk accepted payment for the beer, even though the informant had not shown identification establishing that she was old enough to legally purchase alcohol.

{¶ 4} Police officers returned to the store two days later. The clerk who had sold the beer to the informant identified himself as Jessie Mitchell. Mitchell and Holland were charged with violating R.C. 4301.69(A), which forbids the sale of alcohol to minors. Holland pled not guilty.

{¶ 5} The trial court found Holland guilty of violating R.C. 4301.69(A), pursuant to R.C. 2901.23(B), which allows a presumption of organizational liability where the offense committed by the employee is a strict-liability offense. Holland appealed. The court of appeals determined that the trial court had abused its discretion by not allowing Holland to present evidence that Mitchell had acted outside the scope of his employment at the time of the sale to the informant. *Akron v. Holland Oil Co.* (2001), 146 Ohio App.3d 298, 765 N.E.2d 979.

{¶ 6} Upon remand, the trial court heard evidence regarding whether Mitchell had acted within the scope of his employment. Holland introduced evidence that Mitchell had been trained by Holland concerning alcohol sales and that Holland had a policy prohibiting the sales of alcohol to anyone who appeared to be under 30 years old and did not have identification to prove that she was at least 21 years

old. Holland was convicted and appealed. The court of appeals again reversed, finding that the evidence regarding scope of employment was not sufficient to support a conviction beyond a reasonable doubt. *Akron v. Holland Oil Co.*, 149 Ohio App.3d 14, 2002-Ohio-4150, 775 N.E.2d 573.

{¶ 7} Organizations may be held criminally liable for the actions of their employees when "[a] purpose to impose organizational liability plainly appears in the section defining the offense, and the offense is committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of his office or employment * * *." R.C. 2901.23(A)(2). The vicarious criminal liability of organizations under R.C. 2901.23(A)(2) is premised on three requirements: (1) the General Assembly's plain expression of an intention to impose liability; (2) the act constituting a criminal offense was committed by the employee on behalf of the organization; and (3) the act was within the scope of employment.

{¶ 8} The General Assembly's intention to impose liability in this case is manifest. R.C. 2901.23(B) states that "[w]hen strict liability is imposed for the commission of an offense, a purpose to impose organizational liability shall be presumed, unless the contrary plainly appears." Holland was charged with violating R.C. 4301.69(A), which is a strict-liability offense. *Lesnau v. Andate Ent., Inc.* (2001), 93 Ohio St.3d 467, 473, 756 N.E.2d 97. Because no contrary intention plainly appears, I conclude that the General Assembly intended to impose organizational liability for violations of R.C. 4301.69(A).

{¶ 9} While on duty at Holland, Mitchell complied with a customer request, accepted payment for a product, and placed the money in Holland's cash register. Holland acknowledges that Mitchell was acting on its behalf. I conclude that Mitchell was acting on behalf of Holland.

{¶ 10} This court has never defined "scope of employment" because "it is a question of fact and each case is sui generis." *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St.2d 271, 278, 74 O.O.2d 427, 344 N.E.2d 334. Nevertheless, we have provided some guidance to the bench and bar over the years.

{¶ 11} In *Posin*, which did not involve criminal liability, we stated that "the act of an agent is the act of the principal within the course of the employment when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it." Id., 45 Ohio St.3d at 278, 74 O.O.2d 427, 344 N.E.2d 334, citing *Tarlecka v. Morgan* (1932), 125 Ohio St. 319, 181 N.E. 450. Even though Mitchell acted contrary to company policy, his actions were a "natural, direct, and logical result" of his job. We also stated that "[t]o sever the servant from the scope of his employment, the act complained of must be such a divergence from his regular duties that its very character severs the relationship of master and

servant." *Posin*, 45 Ohio St.2d at 278, 74 O.O.2d 427, 344 N.E.2d 334, citing *Amstutz v. Prudential Ins. Co.* (1940), 136 Ohio St. 404, 16 O.O. 572, 26 N.E.2d 454. See *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 330, 587 N.E.2d 825, quoting *Wiebold Studio, Inc. v. Old World Restorations, Inc.* (1985), 19 Ohio App.3d 246, 250, 19 OBR 398, 484 N.E.2d 280 (a diversion from a " 'straight and narrow performance of his task, * * * is not an abandonment of his responsibility and service to his employer unless his act is so divergent that its very character severs the relationship of employer and employee' "). Nothing in the record of this case suggests that the master-servant relationship was severed.

{¶ 12} The Restatement of the Law 2d, Agency (1957), Section 228, states that the conduct of an employee is within the "scope of employment" when:

{¶ 13} "(a) it is of the kind he is employed to perform;

{¶ 14} "(b) it occurs substantially within the authorized time and space limits; [and]

{¶ 15} "(c) it is actuated, at least in part, by a purpose to serve the master."

{¶ 16} The acts committed in this case fit within this definition of "scope of employment." This section of the Restatement is relevant because the Restatement is evidence of a "technical or particular meaning." See R.C. 1.42.

{¶ 17} Holland argues that Mitchell was not acting within the scope of his employment because he violated Holland's policy regarding alcohol sales. I am mindful of the training that Holland provided to Mitchell in this case and commend Holland for its efforts. However, those efforts should not insulate it from organizational liability here. The plain language of R.C. 2901.23(C) does not permit a due-diligence defense to organizational liability in this case, because R.C. 4301.69(A) is a strict-liability offense.

{¶ 18} Mitchell was not acting outside the scope of his employment. He was not selling marijuana, he was not selling bracelets that he put together, and he was not selling bootleg liquor that he made at home. He was selling a product regularly stocked at the store and he placed the money he received in the company cash register. I conclude that there was sufficient evidence before the trial court for it to find that Mitchell was acting within the scope of his employment. I would hold that an organization can be held criminally liable for a strict-liability offense committed by one of its employees even when the employee acts contrary to known organizational policy. I would reverse the judgment of the court of appeals. I dissent.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

————————

Max Rothal, Director of Law, Douglas J. Powley, Chief City Prosecutor, and Gerald K. Larson, Assistant City Prosecutor, for appellant.

Brouse McDowell, Clair E. Dickinson and Joseph T. Dattilo, for appellee.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Patricia E. Snyder, Deputy Solicitor, urging reversal for amicus curiae Attorney General.

Law Offices of J. Richard Lumpe, J. Richard Lumpe and David A. Raber, urging affirmance for amici curiae Ohio Convenience Store Association, Ohio Council of Retail Merchants, Ohio Groceries Association, and the Wholesale Beer & Wine Association of Ohio.