Day, J.
 

 The controlling question in this case is' whether the trial court erred in overruling defendant’s motion for a directed verdict.
 

 Appellant contends that the evidence adduced by appellee was insufficient in law to prove the existence of agency between appellant and Shultz; that, on the contrary, the evidence proved, or tended to prove, the relationship to be that of employer and independent contractor; that, therefore, the trial court was not warranted in submitting the case to the jury.
 

 In
 
 Miller
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 134 Ohio St., 289, 16 N. E. (2d), 447, this court said that: “The relation of principal and agent or master and servant is distinguished from the relation of employer and independent contractor by the following test: Did the employer retain control, or the right to control, the mode and manner of doing the work contracted for? If he did, the relation is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relation is that of employer and independent contractor. ’ ’
 

 The record discloses the existence of an agreement between appellant and Francis Shultz, the driver and owner of the automobile, which reads, in part, as follows :
 

 “In consideration of my appointment as an agent
 
 *407
 
 of The Prudential Insurance Company of America, I do hereby agree as follows:
 

 “See. 1. To devote my entire time to the business of the company; to promote its success and welfare and to conform to and abide by the instructions, rules and requirements of the company.” (Italics ours.)
 

 The record discloses the following testimony of Mr. A. E. Shindollar, assistant superintendent of the appellant company:
 

 “Q. I believe you gave Mr. Shultz his instructions, did you not, Mr. Shindollar? A. I think I did.
 

 “Q. What if anything did you tell him about his general duties? A. Well, my instructions with Mr. Shultz covered a great many weeks.”
 

 Again:
 

 “Q. Do you know of any other duties that you instructed him about? A. Well, there were lots of them; I don’t recall all of them.”
 

 And again:
 

 “Q. In addition to the duties which you have told about, do you know whether or not Mr. Speiser [superintendent] assigned him any particular duties or instructed him any? A. I don’t know.
 

 “Q. And who was that left up to, to see that, he was instructed? A. That was more or less my responsibility.
 

 “Q. That was more or less your responsibility? A. Not entirely; more or less, I say.
 

 “Q. What do you mean by ‘more or less?’ A. Well, I mean that Mr. Speiser, of course, could instruct him to do anything, but I was the one that usually did the training, you know, — field training, — and show him how to do all these things.”
 

 The general rule is that in passing upon a defendant’s motion for a directed verdict, the trial court must treat as true all the evidence, together with any and all inferences which a jury may reasonably draw therefrom, in favor of the plaintiff; and “if, after so
 
 *408
 
 treating the evidence, the' court should find that reasonable minds may reach different conclusions as to any question of fact essential to the claim of the party against whom the motion is made, the motion should be denied and the case submitted to the jury. See
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246.”
 
 Wilson v. Peoples Ry. Co.,
 
 135 Ohio St., 547, at 552, 21 N. E. (2d), 860.
 

 It is obvious from the examination of the record that Shultz was subject to “instructions” of the company. The term “instructions” is very broad and subject to more than one interpretation. While it is the function of a court to construe a contract, it is the province of the jury to ascertain and determine the intent and meaning of the contracting parties in the use of uncertain or ambiguous language. By the use of the term “instructions,” and particularly in the light of the testimony of Mr. Shindollar that “Mr. Speiser, of course, could instruct him [Shultz] to do anything * * the.trial court was warranted in finding that a jury may reasonably infer from the evidence that appellant intended to reserve to itself the right to control the physical acts of Shultz as they relate to the instant case, and that, by reason thereof, there existed between the two the relationship of master and servant.
 

 Appellant further takes the position that the fact that Shultz visited with his friends in the plant for twenty-five minutes following the completion of his business with Lawrence Cox constituted an abandonment of his work; that in driving from the plant he intended to go home and was on his way home for supper; that such uncontroverted evidence is sufficient in law to establish the fact that, at the time of the commission of the tort complained of, Shultz was not acting in the course or within the scope of his employment.
 

 Shultz’s visit with his friends in the plant, under
 
 *409
 
 the circumstances disclosed by the record, cannot, as a matter of law, be deemed to constitute an abandonment of his employment; but whether it is such as a matter of fact, is a question for the jury. An immaterial deviation by a servant will not, as a matter of law, be deemed to be an abandonment of his services to his employer, unless such deviation is so divergent “from his regular duties that its very character severs the relationship of master and servant.” 26 Ohio Jurisprudence, 639, Section 619.
 

 Nor can Shultz’s return trip be deemed, as a matter of law, not to be in the course or within the scope of his employment merely because it was his intention to go home to supper. It is not denied that Shultz had made the trip to the plant on business of appellant. In so doing, he was acting in the course and within the scope of his employment. In the eyes of the law, the return from the plant must be regarded as much a part of the trip, and as much within the course and scope of his employment, as was the going.
 

 It is our opinion that, in the light of the record, the trial court was warranted in overruling appellant’s motion for a directed verdict and in submitting the case to the jury.
 

 Judgment affirmed.
 

 Williams, Myers and Hart, JJ., concur.
 

 Weygandt, C. J., Zimmerman and Matthias, JJ., dissent.