WELLS et al., Appellants,

v.

BOWIE et al., Appellees.

[Cite as *Wells v. Bowie* (1993), 87 Ohio App.3d 730.]

Court of Appeals of Ohio,
Richland County.

Nos. 92–CA–90 and 92–CA–91.

Decided May 20, 1993.

*Murray & Murray Co., L.P.A., Michael T. Murray* and *William H. Bartle,* for appellants.

*Victoria T. Bartels,* Richland County Legal Serv. Assn., for appellee Michael W. Bowie.

*Bricker & Eckler* and *John Birath, Jr.,* for appellee Richland Hospital.

Gwin, Presiding Judge.

On September 8, 1988, plaintiff, Debbie Wells ("appellant"), was admitted to defendant Richland Hospital in Mansfield, Ohio, for in-patient psychiatric treatment. Appellant alleged that during this admission she was sexually assaulted on three separate occasions by a Richland Hospital nurse, defendant Michael W. Bowie. Appellant further alleged that she informed the defendant hospital of the assaults but the hospital failed to protect her.

On April 18, 1990, appellant and her husband, Robert, filed the instant action in the Richland County Court of Common Pleas. The causes of action were for assault; negligent hiring, supervision and training; negligent retention; and loss of consortium. On March 1, 1991, by leave of court, appellant and her husband amended their complaint to include causes of action for negligent care of appellant and breach of contract.

On motion for summary judgment, the trial court entered judgment in favor of Michael Bowie and Richland Hospital, and dismissed this action. Appellant now seeks our review and assigns as error:

## Assignment of Error No. I

"The trial court erred in ruling that as a matter of law plaintiffs' claims against defendants, Michael Bowie and Richland Hospital, for sexual assault and failure to record acts of sexual misconduct in the medical records, were time barred. A question of fact existed as to whether plaintiffs' action for sexual assault and failure to record sexual misconduct was filed within one year of her being able to assert and protect her rights following being raped. The mere knowledge of being raped does not, as a matter of law, mean that one is able to assert and protect one's legal rights against those responsible. Meeting with an attorney regarding other matters does not mean, as a matter of law, she was able to consult with counsel with respect to the legal implication surrounding her rape."

## Assignment of Error No. II

"The trial court erred in refusing to permit plaintiffs to amend their complaint to state that plaintiff, Debbie Wells, was under a disability which prevented her from filing suit within the statute of limitations applicable to sexual assault and medical claims."

## Assignment of Error No. III

"The trial court erred by granting defendant, Richland Hospital's, motion for assault of plaintiff was outside the scope of his employment as a matter of law.

Whether defendant, Bowie, was acting within the scope of his employment was a question of fact to be determined by the jury."

## Assignment of Error No. IV

"A master is liable for the acts of his servants even if committed outside the scope of employment, if the conduct violates a non-delegable duty of the master. (Adoption of Restatement of Agency 2D § 219). Defendant, Richland Hospital, had a non-delegable duty to provide its patients with a safe place to reside while receiving in-patient mental health treatment. Defendant, Richland Hospital, had a non-delegable duty to record in its hospital records the acts of sexual misconduct by defendant, Bowie."

## Assignment of Error No. V

"The trial court erred in granting defendant, Richland Hospital's, motion for summary judgment as to defendant, Richland Hospital's, negligent hiring, supervising and retaining of Michael Bowie as its employee. Questions of fact existed as to whether or not defendant, Richland Hospital, knew, or should have known, plaintiff had been the victim of sexual abuse and rape by its employee, Michael Bowie."

## Assignment of Error No. VI

"The trial court erred in holding that as a matter of law plaintiff had no cause of action against defendant, Richland Hospital, for not exercising reasonable care in protecting her from being sexually assaulted while receiving in-patient treatment at Richland Hospital."

## Assignment of Error No. VII

"The trial court erred in granting defendant, Richland Hospital's, motion for summary judgment on the issue of reckless, wanton and wilful misconduct. Questions of fact existed as to whether defendant, Richland Hospital, knew of sexual misconduct by the defendant, Michael Bowie, but attempted to conceal it."

## I

■ Through her first assignment, appellant maintains the trial court erred in summarily determining appellant's cause of action against Michael Bowie for assault was time barred because of appellant's failure to file the action within one year of the alleged assault. We agree.

Although appellant was uncertain of the exact dates of the alleged sexual assaults, she believed they occurred on September 13, 1988, September 22, 1988, and September 27, 1988.

R.C. 2305.111 provides that an action for assault must be brought within one year after the cause of action accrues. Appellant had not claimed that she was unaware of the identity of the alleged perpetrator. Accordingly, pursuant to R.C. 2305.111(A), the cause of action for assault accrued on the date upon which the alleged assault occurred. As such, appellant could maintain her cause for all three alleged assaults if she filed on or before September 13, 1989.

Realizing that appellant's assault action was not filed until April 18, 1990, well after the one-year time limitation had expired, defendants Bowie and Richland Hospital raised the affirmative defense that appellant's cause was barred by the applicable statute of limitations. However, neither defendant filed a motion to dismiss appellant's assault action under Civ.R. 12(B) contending that the action was time barred. Instead, the defendants moved for summary judgment on the issue. The decision to attack the timeliness of appellant's assault action by means of summary judgment was tactically flawed.

Had the defendants raised a Civ.R. 12(B) motion to dismiss on the grounds that the assault action was filed outside the one-year statute of limitations, the trial court could have properly dismissed the action based upon the allegations contained in the pleadings. In such proceedings, appellant could not have defeated the motion by presenting evidence that the statute was tolled until November 1989. Rather, appellant would have had to rest on the allegations contained in her complaint which did not include the allegation that the statute was tolled until November 1989.

By raising the time issue by motion for summary judgment pursuant to Civ.R. 56, appellant was permitted to present evidence that the one-year statute of limitations was tolled until November 1989. Appellant, in fact, presented evidentiary material in opposition to summary judgment to support her claim that the statute was tolled from September 13, 1988 to November 1989, as a result of her state of being of unsound mind pursuant to R.C. 2305.16.

Appellant submitted evidence of her past mental illness and claimed by way of affidavit that she had been of unsound mind at the time the cause of action accrued so to suspend the applicable statute of limitations. Although defendant denies these claims, appellant has presented sufficient evidentiary material to survive summary judgment on the issue and to allow same to be submitted to the trier of fact. See *Bowman v. Lemon* (1926), 115 Ohio St. 326, 154 N.E. 317.

The trial court determined appellant was not of unsound mind because she sought legal counsel in another matter during the time of her claimed derangement. It appears to this court that the trial court failed to apply the proper standard of reviewing the evidence in the light most favorable to appellant. While there is evidence in the record that could persuade a reasonable mind that appellant was not in fact of unsound mind, there is evidence upon which

reasonable minds could conclude that appellant was of unsound mind during the time period claimed. See *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 314.

Accordingly, the trial court erred in entering summary judgment against appellant on the issue of whether the one-year statute of limitations for assault was tolled by reason of her being of unsound mind.

Appellant's first assigned error is sustained.

## II

■ Through her second assignment, appellant maintains the trail court erred in overruling her motion to file a second amended complaint. We disagree.

Appellant sought to file a second amended complaint in response to defendant's motion for summary judgment. Appellant specifically sought to include in her amendment the allegation that the statute of limitations was tolled from September 13, 1988 until November 1989, because she was of unsound mind during that period. Appellant's motion was filed nearly two years after the statute of limitations defense was raised in defendants' answer.

Civ.R. 15(A) grants to the trial court broad discretion in determining whether to grant a party leave to file an amended pleading. Here, the record demonstrates the trial court permitted appellant to file one amended complaint. We cannot say from the facts contained in this record that the trial court abused that discretion, as that term is defined, in overruling appellant's motion to file a second amended complaint.

Accordingly, we overrule appellant's second assigned error.

## III

■ Through the third assignment, appellant maintains the trial court erred in granting defendant Richland Hospital's motion for summary judgment regarding the hospital's liability for defendant Bowie's actions under the theory of *respondeat superior.* We agree.

Appellant seeks to impose liability upon defendant hospital for the actions of defendant Bowie under the doctrine of *respondeat superior.* Defendant hospital argues that it cannot be held liable under that doctrine because Bowie was not authorized to conduct himself in the manner in which he acted, and that Bowie was clearly outside the scope of his employment at the time of the alleged sexual

assaults. This particular issue was discussed in *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. The court stated at 329–330, 587 N.E.2d at 828–829:

"Appellants assert that liability should be imposed upon the city under several theories, including general agency principles and the doctrine of *respondeat superior*. The city counters by arguing that Lyles was not authorized to conduct himself in the manner in which he acted, and that Lyles was clearly outside the scope of his employment at the time of these events. We believe the issues relating to the application of *respondeat superior* are dispositive, and we will confine our analysis to that issue.

"The doctrine of *respondeat superior* is expressed in the Restatement of the Law 2d, Agency (1958) 481, Section 219(1), which states as follows: 'A master is subject to liability for the torts of his servants committed while acting in the scope of their employment.' Ohio law provides, '[i]t is well-established that in order for an employer to be liable under the doctrine of *respondeat superior*, the tort of the employee must be committed within the scope of employment. Moreover, where the tort is intentional, * * * the behavior giving rise to the tort must be "calculated to facilitate or promote the business for which the servant was employed * * *." ' (Citations omitted.) *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 58, 565 N.E.2d 584, 587. In general, 'an intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor. * * *' (Citations omitted.) *Vrabel v. Acri* (1952), 156 Ohio St. 467, 474, 46 O.O. 387, 390, 103 N.E.2d 564, 568. Stated otherwise, 'an employer is not liable for independent self-serving acts of his employees which in no way facilitate or promote his business.' *Byrd, supra,* 57 Ohio St.3d at 59, 565 N.E.2d at 588.

"However, it is commonly recognized that whether an employee is acting within the scope of his employment is a question of fact to be decided by the jury. *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334. Only when reasonable minds can come to but one conclusion does the issue regarding scope of employment become a question of law. As the Supreme Court of California has recently stated, '[O]rdinarily, the determination whether an employee has acted within the scope of employment presents a question of fact; it becomes a question of law, however, when "the facts are undisputed and no conflicting inferences are possible." * * *' *Mary M. v. Los Angeles* (1991), 54 Cal.3d 202, 213, 285 Cal.Rptr. 99, 105, 814 P.2d 1341, 1347, quoting *Perez v. Van Groningen & Sons, Inc.* (1986), 41 Cal.3d 962, 968, 227 Cal.Rptr. 106, 109, 719 P.2d 676, 679.

"The willful and malicious character of an employee's act does not always, as a matter of law, remove the act from the scope of employment. *Stranahan Bros. Catering Co. v. Coit* (1896), 55 Ohio St. 398, 410, 45 N.E. 634, 637; *Wiebold Studio, Inc. v. Old World Restorations, Inc.* (1985), 19 Ohio App.3d 246, 19 OBR 398, 484 N.E.2d 280. 'When an employee diverts from the straight and narrow performance of his task, the diversion is not an abandonment of his responsibility and service to his employer unless his act is so divergent that its very character severs the relationship of employer and employee. * * *' *Id.* at 250, 19 OBR at 403, 448 N.E.2d at 287, citing *Amstutz v. Prudential Ins. Co. of America* (1940), 136 Ohio St. 404, 16 O.O. 572, 26 N.E.2d 454. See, also, *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App.3d 86, 548 N.E.2d 991, wherein the court held that a corrections officer's unjustified use of force against an inmate does not automatically take his actions outside the scope of his employment, and the state may be held liable under the theory of *respondeat superior*."

In entering summary judgment, the trial court determined that defendant Richland Hospital, as a matter of law, could not be held liable under the theory of *respondeat superior* for the alleged sexual assaults by its employee upon a patient.

"Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion." *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616.

In the present case, evidence was presented by way of depositions and affidavits indicating that appellant informed Joann Smith, a registered nurse employed by defendant Richland Hospital, that she couldn't take defendant Bowie's actions anymore. Evidence was submitted that nurse Smith was made aware that appellant was having a problem with defendant Bowie following the second alleged assault, and prior to the third alleged assault. Nurse Smith reported to defendant Richland Hospital's nursing director, Pat Baire, that a nurse was making sexual remarks and/or seductive comments to appellant. Nurse Smith testified that she understood appellant's allegations were directed toward defendant Bowie. Upon informing Pat Baire of appellant's complaint, Baire responded that the hospital had already received a report "and it had been attended to."

This evidence supports appellant's claim that after the first alleged assault she told a student nurse, a nonemployee of the hospital, about the attack and showed her the bruises she received from same. In fact, appellant claims that she

informed a different student nurse that she had been sexually molested the day after the second alleged assault.

Upon review of this evidence in the light most favorable to appellant, a question of fact arises as to whether the hospital, with knowledge of defendant Bowie's misconduct, facilitated same by failing to act upon reports that defendant Bowie was acting improperly towards appellant.

Although it appears that defendant Bowie's actions diverted from the straight and narrow performance of his assigned tasks, we believe that the matter is best left for the jury to determine whether the acts were so divergent that it severed the very character of the relationship between Bowie and the hospital. This is especially true where, as here, there is evidence that the employer was made aware of Bowie's divergent actions and failed to take any action to prevent same. Such nonaction could be tantamount to ratification.

Accordingly, we sustain appellant's third assigned error.

## IV, V, VI and VII

■ For the reasons contained under the third assigned error, we find there was sufficient evidentiary material to create a genuine issue of material fact as to whether defendant hospital was negligent in its supervision and retention of defendant Bowie, and whether it was negligent in the care provided to appellant.

Furthermore, because of our holding herein, appellant's husband's consortium claim is revived.

However, we affirm the trial court's decision dismissing appellant's breach of contract cause of action. There is no evidence in this record to support such a claim.

■ As to appellant's claim that defendant hospital was negligent in hiring defendant Bowie, we find sufficient evidence in the record creating the genuine issue of material fact on that claim. Evidence by way of affidavit created the issue of whether the hospital, through reasonable diligence should have discovered that defendant Bowie had a previous criminal record prior to hiring him.

Accordingly, we sustain appellant's remaining assignments as they relate to the above.

For the foregoing reasons, the judgment entered in the Richland County Court of Common Pleas is affirmed as it relates to the dismissal of appellant's breach of contract claim and the trial court's overruling of appellant's motion to file a

second amended complaint. In all other respects the judgment appealed from is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

READER, J., concurs.

HOFFMAN, J., concurs separately.

WILLIAM B. HOFFMAN, Judge, concurring.

I fully concur in the majority's reasoning and disposition of appellant's Assignments of Error Nos. II through VII. I further agree with the majority's disposition of appellant's first assignment of error on the basis that summary judgment was inappropriate.

I write separately only to state that I am not yet persuaded that a plaintiff has an affirmative duty to plead facts sufficient to demonstrate a tolling of the statute of limitations in an original or amended complaint. Though such would be the better practice, I question that the failure to do so renders the complaint fatally flawed under Civ.R. 12(B)(6). Because the statute of limitations is an affirmative defense, the better approach would be to raise said issue directly in a summary judgment motion. However, if raised in a Civ.R. 12(B)(6) motion, the trial court can treat the motion under the authority of Civ.R. 12(B) as a motion for summary judgment in that it involves matters outside the pleading, *i.e.*, as presented in the instant case, the soundness of mind of the plaintiff as justification for tolling the statute of limitations.