JOURNAL ENTRY AND OPINION
Plaintiff Joetta Lynn Hodge appeals from the order of the trial court which awarded summary judgment to defendants Steven J. Montell, Judith Johnson and the Cleveland Board of Education. For the reasons set forth below, we affirm.
On January 9, 1998, a Cleveland Board of Education school bus operated by Judith A. Johnson was involved in a collision with defendant Steven J. Montell. Hodge's daughter, Marie Caver, d.o.b. April 4, 1980, was a passenger on the school bus. Thereafter, on August 4, 1999, Joetta Lynn Hodge filed this action as mother and next friend of Marie Caver and in her individual capacity, against Montell, Johnson, and the Cleveland Board of Education. Hodge asserted that defendants negligently operated their vehicles, causing injury and emotional distress to Caver. Johnson and the Board of Education submitted a joint answer in which they denied liability and asserted that Hodge was not the real party in interest and lacked standing. They further asserted that they were immune from liability pursuant to R.C. Chapter 2744.[1] Montell likewise denied liability.
On February 15, 2000, Johnson and the Cleveland Board of Education moved for summary judgment. Within this motion, these defendants asserted that Johnson's bus had engine problems and that Montell collided with it after it was stopped in the curb lane. They therefore claimed that Johnson was not negligent and that they were immune from liability pursuant to R.C. Chapter 2744. In opposition, Hodge presented evidence that the bus had engine trouble but the driver was continuing to operate it when the collision occurred.
The trial court denied this motion for summary judgment and on April 11, 2000, Johnson and the Cleveland Board of Education filed a supplemental motion for summary judgment in which they asserted that Marie Caver was no longer a minor when Hodge filed this action. They therefore maintained that Hodge had no authority to file the instant action as Caver's next of friend, and that since Caver had been emancipated for over two years (i.e., since April 4, 1998) and did not file suit on her own behalf during this time period, any claims she might file in this matter were barred by the statute of limitations. Finally, they maintained that Hodge's claims were purely derivative of Caver's and must likewise fail. Montell filed a similar motion for summary judgment on May 16, 2000.
On June 19, 2000, Hodge filed an amended complaint which listed Caver as an individual plaintiff. The trial court subsequently granted Montell's motion for summary judgment and the Cleveland Board of Education's supplemental motion for summary judgment, noting that Marie Caver's claim was time-barred and that Hodge's derivative claim was also time-barred. The trial court additionally ordered the amended complaint stricken. Hodge now appeals and assigns three errors for our review. The Cleveland Board of Education and Judith A. Johnson cross-appeal and assign two errors for our review.
 I. PLAINTIFF'S APPEAL
Plaintiff's first and third assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS, CLEVELAND BOARD OF EDUCATION AND JUDITH JOHNSON'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT.
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT, STEVEN MONTELL'S MOTION FOR SUMMARY JUDGMENT.
Within these assignments of error, plaintiff complains that defendants are equitably estopped from asserting the defense of the statute of limitations because they were aware of the claim involving Marie Caver yet waited until the expiration of the limitations period before filing this defense, and therefore waited in ambush.
Civ.R. 17(B) provides in relevant part as follows:
 "Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. * * *
In this instance, however, the undisputed facts demonstrate that Marie Caver turned eighteen years old on April 4, 1998, or over one year before her mother filed this action on her behalf. Therefore the trial court correctly determined as a matter of law that Caver's mother, Hodge, had no authority to file this action for Caver as her next friend in August 1999.
Further, since Caver was no longer a minor when this matter was filed, it was to be filed within two years of the removal of that disability, i.e., April 4, 2000. See R.C. 2305.10(A); 2305.16; 2744.04(A). Caver did not file her claim within this time period and the trial court therefore correctly determined that the instant claims are barred by the statute of limitations.
With regard to plaintiff's claims of estoppel, we note that a defendant will be equitably estopped from asserting certain facts where he has, by his conduct, induced the plaintiff to change position in good faith reliance upon that conduct. State ex rel. Cities Service v. Orteca (1980), 63 Ohio St.2d 295, 299. To make a prima facie case for equitable estoppel, the plaintiff must show that: (1) the defendant made a factual representation; (2) that was misleading; (3) that induced actual, good-faith reliance that was reasonable; and (4) that the reliance caused a detriment to the plaintiff. Jefferson Place Condominium Assn. v. Naples (1998), 125 Ohio App.3d 394, 401.
In this instance, while some of the defendants may have foreseen the potential standing and statute of limitations problems raised in the pleadings, they did not in any way induce the failure of this action. In short, none of the elements needed to establish equitable estoppel are present in this matter.
Plaintiff's first and third assignments of error are without merit.
Plaintiff's second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS, CLEVELAND BOARD OF EDUCATION AND JUDITH JOHNSON'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT.
Plaintiff next asserts that the trial court erred in striking the amended complaint setting forth the claims of Caver in her individual capacity.
Amended pleadings are governed by Civ.R. 15 which provides in relevant part as follows:
 (A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served.
 Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *
This rule vests trial courts with broad discretion in determining whether to permit the filing of amended pleadings. Wells v. Bowie (1993), 87 Ohio App.3d 730, 735.
In Frayer Seed, Inc. v. Century XXI Fertilizer and Farm Chemicals, Inc. (1988), 51 Ohio App.3d 158, 165, the court stated as follows:
 As amendments are to be freely granted so that cases can be decided on their merits, ample reason for refusal to grant a motion to amend should be shown, and actual prejudice to an opposing party is the most important factor to be considered in the granting or withholding of leave to amend. See McCormac, Ohio Civil Rules Practice (1970) 197, Section 9.04. See, also, John Sausser Steel Co. v. Metcalf (Sept. 22, 1981), Hancock App. No. 5-80-33, unreported. Another factor to be considered by the trial court is the timeliness of the proposed amendment. Delay in itself should not operate to preclude an amendment. McCormac, supra, at 202, Section 9.07.
In this instance, plaintiff did not obtain leave of court before filing the amended complaint and did not obtain the consent of the defendants. Further, the amended complaint set forth a claim subsequent to the expiration of the limitations period. The pleading was therefore prejudicial to the defendants. Accordingly, the trial court did not abuse its discretion in striking the amended complaint.
Plaintiff's second assignment of error is without merit.
 II. CROSS-APPEAL
The assignments of error raised by defendants Cleveland Board of Education and Judith A. Johnson are as follows:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT, CLEVELAND BOARD OF EDUCATION'S FEBRUARY 15, 2000, MOTION FOR SUMMARY JUDGMENT.
 THE TRIAL COURT ERRED IN DENYING DEFENDANT, JUDITH A. JOHNSON'S FEBRUARY 15, 2000, MOTION FOR SUMMARY JUDGMENT.
Within the cross-appeal, Judith A. Johnson and the Cleveland Board of Education assert that the trial court erred in rejecting their claim that they are immune pursuant to R.C. Chapter 2744 in connection with this collision.
Because the claims raised herein are moot, we will not address them. See App.R. 12(A)(1)(c). In any event, there are numerous issues of material fact surrounding the collision and we are therefore unable to conclude that the trial court erred in denying the motion for summary judgment. See R.C. 2744.02(B)(1).
The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ JOSEPH J. NAHRA, JUDGE:*
TIMOTHY E. McMONAGLE, P.J., AND MICHAEL J. CORRIGAN, J., CONCUR.
* Judge Joseph J. Nahra, Retired of the Eighth District Court of Appeals, sitting by assignment.
[1] The Board of Education also filed a cross-claim against Montell but subsequently dismissed it.