OPINION
{¶ 1} Plaintiffs-appellants Kevin and Susan Kowars appeal the April 29, 2004 Judgment Entry of the Delaware County Court of Common Pleas granting summary judgment in favor of defendant-appellee Frontstep, Inc. and denying their partial motion for summary judgment.
 STATEMENT OF FACTS AND CASE {¶ 2} On December 20, 2000, Stephen Yount attended a retirement dinner at the Wedgewood County Club in Powell, Ohio. At the time, Yount was the Executive Vice President of Frontstep, Inc. The dinner honored a retired former Frontstep executive, and was attended by members of Frontstep's senior management team. Yount's office was located at Frontstep's corporate offices in Columbus, Ohio. Yount was a salaried employee and did not have fixed business hours.
 {¶ 3} Yount left the retirement dinner around 10:45 p.m., driving directly home. On his way home, he failed to yield at a stop sign, and collided with a vehicle driven by Kurt Kowars. Kowars' wife Susan and their two minor children were passengers in the vehicle. Each member of the Kowars' family sustained physical injuries as a result of the collision.
 {¶ 4} The Kowars filed a personal injury action against Yount and Frontstep, Inc. On March 2, 2004, Frontstep filed a motion for summary judgment to determine its liability under the doctrine of respondeat superior. On March 11, 2004, the Kowars filed their memorandum in opposition to the motion for summary judgment, as well as a motion for partial summary judgment against Frontstep. Yount filed a memorandum in support of the Kowars' motion. On March 29, 2004, Frontstep filed a combined reply in support of its motion for summary judgment and a memorandum in opposition to the Kowars' motion for partial summary judgment. On April 5, 2004, the Kowars filed their reply to Frontstep's memorandum in opposition.
 {¶ 5} On April 29, 2004, the trial court, via judgment entry, held the retirement dinner was a business function, but found Yount was not in the scope of his employment during his trip home. Accordingly, the trial court entered judgment in favor of Frontstep, and denied the Kowars' motion for partial summary judgment.
 {¶ 6} It is from the April 29, 2004 Judgment Entry the Kowars' now appeal raising the following assignment of error:
 {¶ 7} "I. The Trial Court Erred in Holding that Defendant yount was not within the scope of his Employment with Defendant-Appellee FRONTSTEP, INC. while he was driving his personal automobile from an off-site business function to his home on the evening of December 20, 2000."
 I {¶ 8} Initially, we note the trial court determined the retirement dinner was a business function. Appellee does not take issue with that finding in its brief to this Court. However, we find there was conflicting testimony regarding this issue and it presents a factual question upon which reasonable minds could differ. Accordingly, summary judgment is inappropriate on this issue.
 {¶ 9} As to the assignment of error raised by appellant, summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 10} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 11} A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 12} It is based upon this standard we review the assignment of error.
 {¶ 13} In Amstutz v. Prudential Ins. Co. (1940),136 Ohio St. 404, an insurance agent drove his own vehicle to a business to collect a premium for the appellant insurance company. After collecting the insurance premium, he left the plant and drove his automobile toward his home and an accident occurred en route. The Ohio Supreme Court held:
 {¶ 14} "Nor can Shultz's return trip be deemed, as a matter of law, not to be in the course or within the scope of his employment merely because it was his intention to go home to supper. It is not denied that Shultz had made the trip to the plant on business of appellant. In so doing, he was acting in the course and within the scope of his employment. In the eyes of the law, the return from the plant must be regarded as much a part of the trip, and as much within the course and scope of his employment, as was the going."
 {¶ 15} In Boch v. New York Life Ins. Co. (1964),175 Ohio St. 458, an employee was driving from his home in Steubenville, Ohio, to Youngstown, Ohio, a distance of between 60 and 70 miles, to attend a training school for apprentice agents conducted by New York Life at its Youngstown office every Monday morning from 9:00 a.m. to noon. On his way to the training meeting, the employee was involved in an automobile accident. The Supreme Court held:
 {¶ 16} "* * * an employer is liable for the negligence of his employee in operating the employee's own automobile only where it is established by a preponderance of the evidence:
 {¶ 17} "(1) that the employer had expressly or impliedly authorized the employee to use his own automobile in doing the work he was employed to do * * *.
 {¶ 18} "(2) that the employee was at the time of such negligence doing work that he was employed to do * * *, and
 {¶ 19} "(3) that the employee was subject to the direction and control of the employer in the operation of the employee's automobile while using it in doing the work he was employed to do * * *."
 {¶ 20} In Boch, the Court found there was no evidence the employee was doing anything for New York Life when he was involved in the accident, except going from his home to Steubenville to attend the regular Monday morning meeting he was required to attend in Youngstown. Further, the Court held the evidence necessarily required the conclusion, on every Monday morning, the Youngstown office of New York Life was the fixed and limited place of employment of the employee. Therefore, the Court held New York Life was not liable for the negligence of the employee, while he was driving from his home to attend the meeting.
 {¶ 21} In the case sub judice, as in Amstutz, Yount was driving home from a non-fixed situs place of employment. BothAmstutz and the case sub judice are distinguishable fromBoch, as both concern travel from non-fixed situs business affairs and the Boch holding applies to driving to a fixed and limited situs of employment.
 {¶ 22} The Supreme Court's decision in Boch did not overrule Amstutz, but rather distinguished it. The Boch court noted:
 {¶ 23} "It is sufficient to distinguish Amstutz v.Prudential Ins. Co., supra, 136 Ohio St. 404, 26 N.E.2d 454, to note that the agent there involved was driving back from making a required premium collection and was not driving between his home and any fixed place of employment." Boch v. New York Life Ins.Co. (1964), 175 Ohio St. at 464.
 {¶ 24} Therefore, Amstutz remains valid law for situations such as this where an employee is traveling home from a non-fixed situs business function.
 {¶ 25} Based upon the above, should a jury determine the dinner was a business function upon remand, then pursuant toAmstutz, the return trip was also within the course and scope of Yount's employment. If the jury determines the dinner was not a business function, then appellee Frontstep, Inc. has no liability.
 {¶ 26} The April 29, 2004 Judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded for further proceedings in accordance with the law and this opinion.
Hoffman, J. and Gwin, P.J. concur. Boggins, J. dissents.