OPINION
{¶ 1} This appeal is an appeal of a summary judgment in favor of the Minerva Police Department (Minerva).
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts indicate that Thomas Frankland (Frankland) was employed as a police officer with Minerva in September, 2000. During that employment, Frankland was advised that such employment could not continue until certain updated training was accomplished. His last payroll ended March 25, 2001, and his income was being derived from the operation of a pizza business.
 {¶ 3} To comply with the necessary training for current certification as a police officer, Frankland attended a session on May 18, 2001, at the residence of a retired Jackson Township police chief.
 {¶ 4} During these training events of May 18, 2001, Frankland was permitted to borrow certain firearms from Minerva to facilitate training on such weapons.
 {¶ 5} After the evening training ended, Frankland drove his personal vehicle to Blockbuster Video intending thereafter to proceed to a friend's home for the remainder of the evening with the rented video. On the way, he was involved in an accident in which Joy Wilson and her unborn child were killed and her passengers injured.
 {¶ 6} For purposes of this appeal, Appellee does not question the negligence of Frankland.
 {¶ 7} A wrongful death action was filed after which Minerva's Civ. R. 56 Motion was sustained on the basis that Frankland was not an employee of and not in the scope of employment of Minerva at the time of the accident.
 {¶ 8} Appellant asserts that the training and his possession of Minerva's weapons promoted the interests of such police department and therefore Minerva could be held liable on the basis of respondeatsuperior.
 {¶ 9} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 10} "I. The trial court erred in granting summary judgment in favor of the minerva police department where genuine issues of material fact existed as to whether patrolman frankland was acting within the scope of his employment and/or promoting the interests of the minerva police department at the time of the subject crash."
 {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 12} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 13} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 14} It is based upon this standard we review appellant=s assignment of error.
 I. {¶ 15} The basis for the sole Assignment of Error is predicated on the assertion that Appellant was acting within the scope of his employment or promoting the interests of Appellee, Minerva Police Department. We disagree.
 {¶ 16} We accept the premises that an off-duty police officer may act within the scope of employment or may be promoting the interests of the Department depending on the events faced by such officer as he or she is technically on call 24 hours per day and may not actually be being paid at such time. Osborne v. Lyles (1992), 623 Ohio St.3d 326.
 {¶ 17} In the case sub judice, the facts clearly indicate that Appellant was not an off-duty officer even though Appellant concedes that he was off-duty (Brief p. 10).
 {¶ 18} Also, Appellant was not proceeding to or from the source of training but from the video rental store to his friend's residence and was driving his own vehicle. This also was outside the jurisdiction of Appellee.
 {¶ 19} These facts differ significantly from Koward v. Yount (Nov. 23, 2004), 5th Dist. App. No. 2004-Ohio-6260, of this Court in which the question solely concerned scope rather than employment. In such case, which is on appeal to the Ohio Supreme Court, the employee was proceeding directly to his home from a retirement dinner given on behalf of a retired employee.
 {¶ 20} Also, the argument that Appellant was benefiting Appellee by either receiving training or by borrowing and being responsible for a weapon loaned by Appellee is without merit.
 {¶ 21} Both the training and the borrowed weapon were for the benefit of Appellant. Until updated training was received, Appellant was not qualified to be employed as a police officer. Once qualified, he was not required to seek re-employment with Appellee nor guaranteed that such would be available.
 {¶ 22} The loaned weapon was for the purpose of facilitating Appellant's training.
 {¶ 23} Merely because he was responsible for the weapon clearly did not create a master-servant relationship, did not transform Appellant into an off-duty officer, nor create a scope of employment incident.
 {¶ 24} We adopt the well-reasoned opinion of Judge Haas, who, in granting the summary judgment motion of Appellee, held in part:
 {¶ 25} "The Ohio Supreme Court has held that in order for the employer to be vicariously liable under such circumstances when the plaintiff can establish (1) that the employer expressly or impliedly authorized the employee to use his own vehicle in doing the work he was employed to do; (2) that the employee was in fact doing the work that he was employed to do at the time of the employee's negligent act; and (3) that the employee was subject to the direction and control of the employer in the operation of the employee's own vehicle while using it in doing the work he was employed to do. Boch v. New York Life Co. (1964), 175 Ohio St. 458."
 {¶ 26} The Assignment of Error is not well taken and is rejected.
 {¶ 27} This cause is affirmed at Appellant's costs.
Boggins, P.J., Hoffman, J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs assessed to Appellant.