**McCLURE et al., Appellants,**

**v.**

**DAVIS, Appellee.**

[Cite as *McClure v. Davis,* 186 Ohio App.3d 25, 2010-Ohio-409.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 09CA9.

Decided Feb. 1, 2010.

26

Timothy J. Kelly, for appellants.

Lee D. Koogler, for appellee.[1]

McFarland, Presiding Judge.

{¶ 1} Appellants, John and Mary Ann McClure, appeal the decision of the Hillsboro Municipal Court that granted summary judgment in favor of appellee, Kenneth Davis, thereby dismissing appellants' complaint for money. On appeal, appellants contend that the trial court erred to their prejudice in denying their motion for summary judgment. Because we conclude that the trial court erred in applying the clear and unambiguous language of the contract, we sustain appellants' sole assignment of error. We reverse the trial court's grant of summary judgment in favor of appellee and remand this matter to the trial court for further findings consistent with this opinion.

---

1. Appellee's trial counsel, Carroll V. McKinney, filed a motion for leave to withdraw as appellee's attorney with this court on May 4, 2009. We granted that motion on May 18, 2009, and ordered appellee to notify this court within ten days whether he was retaining new counsel or representing himself and that if he failed to do so he would not be permitted to participate further in this appeal. Subsequently, appellee's new counsel, Lee Koogler, filed a notice of appearance of June 29, 2009, as well as a motion for oral hearing requesting permission to file a brief. However, by a magistrate's order dated July 9, 2009, we denied appellee's motion. Thus, although represented, appellee has not filed a brief on appeal.

## I. Facts

{¶ 2} With regard to the facts leading up to this appeal, appellants defer to the trial court's findings of fact set forth in its decision and entry below. In its entry granting summary judgment, filed on February 27, 2009, the trial court found as follows:

1. John H. McClure and Mary Ann McClure became holders of a promissory note for $45,000.00 executed on August 31, 1992 by Kenneth L. Davis and Susan Davis as Borrowers.

2. Plaintiffs included language for a "prepayment penalty." Said provision stated:

"Borrowers agree that without prior consent they will not in any one calendar year pay an amount in excess of ten per cent of the principle [sic] balance of the promissory note and if they should pay an amount in excess of ten per cent of the remaining principal they agree to pay a penalty equal to sixteen per cent (16%) of the amount of principal that exceeds the ten per cent allowance."

3. The promissory note was secured by a mortgage on real estate.

4. The basic payment schedule called for monthly payment of $262.50 per month. Said payment reflected an interest only payment of 7.0% per annum.

5. The note stated that the "principal shall mature and come due" on or before August 31, 2002.

6. On September 10, 2002 Kenneth L. Davis,[2] John H. McClure and Mary Ann McClure signed an agreement to extend the due date on the note for five years until August 31, 2007. The extension noted that the principle [sic] balance remained at $45,000.00. The interest ratio was adjusted to eight per cent per annum and monthly payments were set at $300.00. "All other said terms of said note and mortgage securing the same are unchanged."

7. Defendant made interest only payments for fifteen years.

8. After the note matured in August 2007, Defendant payed [sic] $45,000.00.

9. Plaintiff demanded that "interest" of $6,480.00 be paid because defendant paid an amount in excess of ten percent (10%) of the principal balance in any one calendar year. Plaintiff claims this activates the pre-payment penalty in the promissory note. Ten percent of the $45,000.00 is $4500.00. The principal balance in excess of that is $40,500.00; 16% of that is $6,480.00.

10. Defendant disputed owing the $6480.00.

11. Plaintiffs agreed to release the mortgage on the property securing the note, but retained the right to litigate the issue of $6480.00.

---

2. Appellee's wife was released from the note as a result of the parties' divorce.

12. Plaintiffs caused the promissory note to be drafted in 1992 and the extension in 2002.[3]

## II. Assignment of Error

I. The trial court erred to the prejudice of plaintiffs-appellants in denying their motion for summary judgment.

## III. Legal Analysis

■ {¶ 3} In their sole assignment of error, appellants contend that the trial court erred to their prejudice in denying their motion for summary judgment. We initially note that a trial court's denial of a motion for summary judgment does not constitute a final, appealable order. *Darrow v. Zigan*, Hocking App. Nos. 07CA25, 07AP25, 2009-Ohio-2205, 2009 WL 1278385, ¶ 27; *Doyle v. Scarberry*, Scioto App. No. 08CA3261, 2009-Ohio-4977, 2009 WL 3024060, ¶ 5, fn. 3. However, the order from which appellants now appeal denied their motion for summary judgment, granted appellee's competing motion for summary judgment, and dismissed appellants' complaint for money, in effect resolving all issues as to all parties and ending the case. We construe appellants' assignment of error as challenging the propriety of the trial court's grant of summary judgment in favor of appellee.

■■ {¶ 4} When reviewing a trial court's decision regarding a motion for summary judgment, appellate courts must conduct a de novo review. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. As such, an appellate court reviews the trial court's decision independently and without deference to the trial court's determination. *Brown v. Scioto Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

■ {¶ 5} A trial court may grant a motion for summary judgment only when (1) the moving party demonstrates there is no genuine issue of material fact, (2) reasonable minds can come to only one conclusion, after the evidence is construed most strongly in the nonmoving party's favor, and that conclusion is adverse to the opposing party, and (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56; see also *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524

---

**3.** This is the only finding of fact by the trial court that appellants dispute on appeal, contending instead that the clause at issue was mutually agreed upon and was inserted into the mortgage by appellee's counsel. However, as a result of our ultimate determination that the clause at issue is clear and unambiguous, a determination of which party actually drafted the provision is unnecessary.

N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 6} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) * * *." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. These materials include " 'the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' " Id. at 293, 662 N.E.2d 264, quoting Civ.R. 56(C).

{¶ 7} Here, both parties filed competing motions for summary judgment, stipulating that there were no factual issues in dispute and that the only issue before the court involved the interpretation of a clause that appears in the promissory note that states:

> The Borrowers agree that without prior consent they will not in any one calendar year pay an amount in excess of ten per cent of the principle balance of the promissory note and if they should pay an amount in excess of ten percent of the remaining principal they agree to pay a penalty equal to sixteen per cent (16%) of the amount of principal that exceeds the ten per cent allowance.

{¶ 8} We interpret a contract to carry out the intent of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920; *Employers' Liab. Assur. Corp. v. Roehm* (1919), 99 Ohio St. 343, 124 N.E. 223, syllabus; *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. We read a contract as a whole and gather the intent of each party from a consideration of the whole. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519.

{¶ 9} Where a contract is clear and unambiguous, its interpretation is a matter of law, and summary judgment is appropriate. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 474 N.E.2d 271. Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible of more than one interpretation. *United States Fid. & Guar. Co. v. St. Elizabeth Med. Ctr.* (1998), 129 Ohio App.3d 45, 55, 716 N.E.2d 1201. When ambiguity exists, the interpretation of the parties' intent constitutes

a question of fact. *Center Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 314, 31 OBR 587, 511 N.E.2d 106; *Amstutz v. Prudential Ins. Co.* (1940), 136 Ohio St. 404, 408, 16 O.O. 572, 26 N.E.2d 454.

{¶ 10} At the trial court level, appellants stressed in their summary-judgment motion that this provision was not a prepayment penalty but was a penalty provision designed to prevent them from having to pay capital gains taxes on amounts paid on the mortgage. Appellants argued that because the provision clearly imposes a penalty for amounts paid in excess of 10 percent of the principal in any given year, and because appellee admittedly paid a principal payment of $45,000 in calendar year 2007, appellee was obligated, according to the clear and unambiguous terms of the mortgage, to pay a penalty. Appellants further argued that the particular clause at issue was designed to permit appellee to make payments consisting of 10 percent of the loan amount each year, or $4,500, per year for ten years, thereby allowing appellant to pay the mortgage off on time and without incurring a penalty.

{¶ 11} In his competing motion for summary judgment, appellee argued that the note did not obligate him to pay anything but interest payments during the term of the mortgage. He further argued that because he paid the entire balance of $45,000 at the conclusion of the mortgage term, he did not owe a penalty. However, in making this argument, appellee seems to completely disregard the mortgage provision set forth above, which we believe, after a plain reading of the language, clearly does impose a penalty in connection with payments exceeding 10 percent of the remaining principal of the mortgage made in any calendar year.

{¶ 12} As set forth above, reading the original mortgage and the extension in their entirety and as a whole, appellee agreed to pay interest-only payments on a monthly basis during the term of the mortgage and the extension and further agreed that he would not, in any one calendar year, pay an amount in excess of 10 percent of the *principal balance* of the promissory note. By signing the original mortgage, appellee further agreed that if he should pay an amount in excess of 10 percent of the *remaining principal* in any one calendar year that he would be required to pay a penalty equal to 16 percent of the amount of principal that exceeds the 10 percent allowance.

{¶ 13} We conclude that the language setting forth these terms is clear and unambiguous. The trial court also found this clause in the mortgage to be clear and unambiguous; however, it applied the clear language incorrectly. Specifically, the trial court reasoned that the clause was a prepayment penalty and further reasoned that because the $45,000 payment was paid at the conclusion of the mortgage term, rather than early, the penalty was inapplicable. Thus, the trial

court granted appellee's motion for summary judgment, denied appellants' motion for summary judgment, and dismissed the complaint.

{¶ 14} Although we agree that the clause at issue is clear and unambiguous, we disagree with the trial court's application of the clause to the facts sub judice. Rather, we conclude that the application of the clause does, in fact, result in appellee's being required to pay the specified 16 percent penalty. Because appellee's $45,000 payment made in 2007 clearly constituted a payment exceeding 10 per cent of the remaining principal[4] at the time the payment was made, despite the fact that it was made upon maturity of the note, we conclude that the penalty provision agreed upon by the parties and clearly set forth in the mortgage applies. Thus, we sustain appellants' sole assignment of error. Accordingly, we reverse the trial court's grant of summary judgment and dismissal of appellants' complaint and remand this matter for further findings and proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

HARSHA, J., concurs.

KLINE, J., dissents.

---

HARSHA, Judge, concurring.

{¶ 15} When examining a contract, our primary purpose is to ascertain and give effect to the intent of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920. We presume that intent is reflected in the language of the agreement. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. The language employed in the promissory note does not mention a prepayment penalty or in any way limit the application of the 16 percent penalty to principal payments made before maturity. Although the parties ultimately, though mistakenly, agreed on a clause that made it impossible for Davis to ever pay the $45,000 principal balance without incurring a penalty unless he obtained

---

4. We parenthetically note that based upon our reading of the clause at issue and by our calculations, appellee could not have paid off the note without incurring a penalty had he paid 10 percent of the remaining principal each year. The remaining principal amount each year would have decreased had any amount of the principal been paid. Thus, the 10 percent permitted payment would have decreased annually in conjunction with the decreasing remaining principal. Thus, assuming appellee paid 10 percent of the remaining principal each year during the term of the mortgage, the final payment would have exceeded the 10 percent allowed amount, resulting in application of the penalty provision.

the McClures' prior consent, that fact does alter the clear language of the note, which does not place any time constraint on the penalty clause.

{¶ 16} Moreover, even if we could look beyond the clear and unambiguous language of the note, the record does not support a finding that this was a prepayment penalty clause. In his answer, Davis stated that "the purpose of the limitation was for the benefit of the Plaintiffs in order for them to reduce the amount of capital gains tax they would have to pay, and therefore was a limitation on the amount the Defendant could pay without penalty. The penalty set forth in the note was the amount the Plaintiffs believed would increase their capital gain[s] tax if the additional amount was paid on the principal." And while Davis attempted to argue at the trial level that the McClures were not in fact financially harmed by his lump-sum payment, he presented no evidence to this effect. Moreover, the record contains no evidence that any risk that the parties anticipated of increased capital gains taxes due to high annual principal payments would dissipate after maturity. Thus, I agree with the principal opinion that the clause is an excess-payment clause rather than a prepayment penalty.

{¶ 17} However, because of the mutual mistake concerning the impossibility of performance of the contract without either obtaining consent or imposing a penalty, I would reform the contract. The obvious intent of the parties was to allow the borrower to annually pay up to 10 percent of the *original* principal balance without incurring a penalty and without causing the lenders to incur tax consequences. Thus, I would allow the first $4,500 of the payment to be made without penalty but would impose the penalty on the remaining balance of $40,500. Sixteen percent of this amount would be $6,480, which is the sum the lenders seek.

---

KLINE, J., dissenting.

{¶ 18} I respectfully dissent.

{¶ 19} First, I believe that we may review the trial court's denial of the McClures' motion for summary judgment. I agree that the denial of a motion for summary judgment does not constitute a final, appealable order. However, in this case, we may review the denial of the McClures' motion for summary judgment because it is an interlocutory order that has merged into the final judgment. See *Hendrickson v. JGR Properties, Inc.*, Butler App. No. CA2008–02–056, 2008-Ohio-6192, 2008 WL 5053440, ¶ 8, citing *Nayman v. Kilbane* (1982), 1 Ohio St.3d 269, 271, 1 OBR 379, 439 N.E.2d 888 ("A trial court's entry denying a motion for summary judgment is an interlocutory order and subject to reconsideration any time before the entry of final judgment in the case"); *Beatley v. Knisley*, No. 08AP–696, 183 Ohio App.3d 356, 2009-Ohio-2229, 917 N.E.2d 280,

¶ 9, citing *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 9 ("Interlocutory orders merge into the final judgment, and thus, an appeal from a final judgment allows an appellant to challenge both the final judgment and any interlocutory orders merged with it"). See also *Peebles Elderly Hous. Ltd. Partnership v. Titan Indem. Co.* (Sep. 15, 1997), Adams App. No. 96CA631, 1997 WL 578735, citing *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 16 O.O.3d 329, 405 N.E.2d 293 ("Although it is unusual for this court to review the denial of a motion for summary judgment, the Ohio Supreme Court has held that a movant may appeal the denial of such a motion after a subsequent adverse final judgment"); *McCoy v. Usuani*, Hamilton App. No. C–080635, 2009-Ohio-3095, 2009 WL 1830734; *Rodgers v. Pahoundis*, 178 Ohio App.3d 229, 2008-Ohio-4468, 897 N.E.2d 680; *Monastero v. Novak*, Cuyahoga App. No. 89656, 2008-Ohio-1947, 2008 WL 1822418; *Schwenke v. Wayne–Dalton Corp.*, No. 07–CA–003, 2008-Ohio-1412, 2008 WL 795380; *Bobb Forest Prods., Inc. v. Morbark Industries, Inc.*, 151 Ohio App.3d 63, 2002-Ohio-5370, 783 N.E.2d 560, ¶ 40. Therefore, I believe that we have the authority to review the McClures' assignment of error "as is." We need not construe it as something else.

{¶ 20} Further, like the trial court, I believe that the clause at issue is a prepayment penalty clause. The contract states that "[t]he Borrowers agree that without prior consent they will not in any one calendar year pay an amount in excess of ten percent of the principle [sic] balance of the promissory note and if they should pay an amount in excess of ten per cent of the remaining principal they agree to pay a penalty equal to sixteen per cent (16%) of the amount of principal that exceeds the ten per cent allowance." As a general rule, "[c]ommon words appearing in a written instrument will be given their ordinary meaning." *Skirvin v. Kidd*, 174 Ohio App.3d 273, 2007-Ohio-7179, 881 N.E.2d 914, ¶ 14, citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, at paragraph two of the syllabus. The ordinary meaning of "penalty" is "the suffering or the sum to be forfeited to which a person subjects himself by covenant or agreement in case of *nonfulfillment of stipulations.*" (Emphasis added.) Webster's Third New International Dictionary, Unabridged (2002).

{¶ 21} Here, under the McClures' interpretation of the contract, Davis could not have completed the contract without incurring the 16 percent penalty at least once. By definition, paying off the remaining principal would have required paying an amount in excess of 10 percent of the "principal balance." Therefore, I believe that the McClures' interpretation of the contract ignores the ordinary meaning of the word "penalty." Davis could not have failed to fulfill a stipulation and thereby owe a penalty if the stipulation itself was impossible to fulfill.

{¶ 22} In contrast, I would give meaning to the word "penalty" by interpreting the clause as a prepayment penalty clause. This interpretation comports with the reality of the contract. Namely, if Davis adhered to the stipulations of the agreement, there would necessarily be a balance remaining when the note matured. And in my view, one cannot be penalized for adhering to the terms of a contract. Thus, I believe that the penalty provision must be interpreted as a prepayment penalty clause. This is the only way that this payment, a payment equal to 16 percent of the amount of principal that exceeds the 10 percent allowance, could be considered a penalty instead of a mandatory additional payment.

{¶ 23} Further, I note that the McClures misstate the nature of the contract. In their appellate brief, the McClures write, "In fact, Appellee[ ] could have completely avoided any additional interest payments if he had paid ten percent each year from 1992–2002." However, this statement does not accord with (1) the realities of the contract, as mentioned above, or (2) the McClures' own actions in this case. Here, every payment on the principal would have decreased the principal balance. Thus, if Davis had paid 10 percent of the principal each year, he would have had approximately $15,690.53 left on the principal balance at the end of the original ten-year contract. In the present case, the McClures are seeking $6,480 in addition to Davis's lump-sum payment of $45,000. Presumably, the McClures would have also sought the "penalty payment" in addition to a lump-sum payment of $15,690.53.

{¶ 24} For these reasons, I respectfully dissent and would affirm the judgment of the trial court.