DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Oscar L. Wrinkle and Raymond Hague, appeal from the decision of the Lorain County Court of Common Pleas, granting Appellee, Blast Abrade, Inc.'s motion for summary judgment. We affirm.
 {¶ 2} This case involves a boating accident that occurred in the early morning of July 1, 2000. The passengers on the boat included Appellee, Tyler Cotton, president of Blast Abrade, Inc., Appellants, Hague and Wrinkle, technicians for Blast Abrade, and Mr. Callaway, an independent contractor and business associate of Blast Abrade. Appellee, Tyler Cotton ("Cotton") was driving his boat when it collided with a breakwall, causing injuries to the Appellants. The instant lawsuit ensued on July 16, 2001. Appellants sued Cotton individually and also in his capacity as shareholder, officer and member of the Board of Directors of Blast Abrade, Inc., as well as Cotton's employer, Blast Abrade, Inc. and its insurance company under a theory of respondeat superior.
 {¶ 3} On June 19, 2002, Appellee, Blast Abrade Inc., filed a motion for summary judgment claiming that it was not vicariously liable for the injuries to the Appellants because the boating trip was not within the course and scope of Cotton's employment. On October 30, 2003, the trial court granted Blast Abrade, Inc.'s Motion for Summary Judgment and, in addition, dismissed any remaining insurance related claims as moot. Appellants appeal asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred as a matter of law in granting [Appellees'] motion for summary judgment."
 {¶ 4} In their sole assignment of error, Appellants maintain that the trial court erred in granting summary judgment in favor of Blast Abrade, Inc. They claim that a genuine issue of material fact exists as to whether Tyler Cotton was acting within the scope of his employment with Blast Abrade, Inc. when the boating accident occurred.
 {¶ 5} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party. Civ.R. 56(C); Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 6} Summary Judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 7} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State exrel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 449,1996-Ohio-211.
 {¶ 8} Blast Abrade, Inc. may be vicariously liable to Appellants for Cotton's negligence under the doctrine of respondeat superior if the tort (the boating accident) was committed in the scope of Cotton's employment. See Strock v.Pressnell (1988), 38 Ohio St.3d 207, 217. If however, reasonable minds can only conclude that the tort occurred outside the scope of Cotton's employment, then Blast Abrade, Inc. would not be vicariously liable to Appellants and summary judgment in its favor would be proper. See Osborne v. Lyles (1992),63 Ohio St.3d 326, 330.
 {¶ 9} Appellants argue that Cotton organized the boating trip in furtherance of company business and he was acting within the course and scope of his employment when the accident occurred. They maintain that Blast Abrade, Inc. is vicariously liable for the negligence of its employee, and thus it was in error for the trial court to grant summary judgment on its behalf. Appellants contend that at a minimum there remains a genuine issue of material fact as to whether the boating trip was merely a fishing trip, as Appellees claim, or whether it was a business trip.
 {¶ 10} Appellees maintain that they are entitled to judgment as a matter of law since the boating accident was clearly outside of Cotton's scope of employment with Blast Abrade, Inc. They claim that Cotton was not operating a company vehicle, the company did not finance any part of the trip or receive any benefit from the trip, and the fishing trip was not scheduled for the furtherance of any Blast Abrade, Inc. business. Under these circumstances, Appellees state that Blast Abrade, Inc. cannot be held liable under the theory of respondeat superior and thus, summary judgment is proper.
 {¶ 11} The propriety of summary judgment depends on whether Cotton was acting within the scope of his employment when the accident occurred. Whether an employer will be vicariously liable for the torts of its employee depends on whether the tort was committed within the scope of employment. Byrd v. Faber (1991),57 Ohio St.3d 56, 58. "When dealing with torts committed by an employee, the crucial element is whether the conduct was `calculated to facilitate or promote the business for which the servant was employed.'" (citations omitted.) Roberts v. SohioDiv., B.P. Ohio (June 24, 1992), 9th Dist. No. 15288, at 4.
 {¶ 12} Typically, the question of whether an activity is within the "scope of employment" is an issue of fact to be decided by the jury. Posin v. A.B.C. Motor Court Hotel (1976),45 Ohio St.2d 271, 278. However, it becomes a question of law to be decided by the court when reasonable minds can come to but one conclusion regarding the scope of employment. Osborne,63 Ohio St.3d at 330. See also Benner v. Dooley (Aug. 2, 2000), 9th Dist. No. 99CA007448, at 4.
 {¶ 13} In Akron v. Holland Oil Co., 102 Ohio St.3d 1228,2004-Ohio-2834, at ¶ 12-15, the Ohio Supreme Court looked to the Restatement of the Law 2d, Agency (1957), Section 228, to define what conduct was included in "scope of employment." The Restatement provides that: "conduct of an employee is within the `scope of employment' when: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master." Id.
 {¶ 14} In the case at hand, there is no evidence that the boating trip was within Cotton's scope of employment at Blast Abrade, Inc., or that Cotton organized the trip with the purpose of serving Blast Abrade, Inc. Blast Abrade, Inc. is a manufacturer's representative which sells industrial blasting machines and service contracts. Cotton's duties at Blast Abrade, Inc. are limited to overseeing operations, completing paperwork, placing orders and being executive officer.
 {¶ 15} Late Friday afternoon of June 30, 2000, Cotton and Appellants met at Romp's Marina in Vermillion, Ohio and boarded Cotton's boat. They fished and drank beer for a few hours on the boat, then docked at Kelly's Island where they went to the Casino Bar and drank additional alcoholic beverages. On the way back to Vermillion from Kelly's Island, Cotton negligently crashed his boat into a breakwall. These activities are outside of the conduct that Cotton was employed to perform. Further, the accident occurred at 1:00 a.m. on a Saturday morning, which is outside the authorized time and space limits of Blast Abrade, Inc. See, Holland Oil at ¶ 12-15.
 {¶ 16} Appellants allege that the fishing trip was organized to discuss business matters. If the conduct of an employee is actuated by a purpose to serve his master, the conduct may fall within the employee's scope of employment. Osborne,63 Ohio St.3d at 330. The burden is on the Appellants to adduce evidence to show that Cotton was acting within the scope of his employment for the purpose of serving his employer. See Senn v. Lackner
(1952), 157 Ohio St. 206, paragraphs one and two of the syllabus. In this case there is no evidence that Cotton organized the fishing trip with a purpose to serve his employer.
 {¶ 17} Cotton testified that he arranged the fishing trip because he had promised to take Wrinkle, Hague, and Callaway fishing. Hague and Wrinkle were not required to go on the trip as part of their jobs at Blast Abrade, Inc. Cotton testified that he never indicated to anyone that he wanted to discuss business on the outing; he stated that the sole purpose of the trip was to go fishing. Appellants may have assumed that the purpose of the trip was to discuss business, but their assumptions do not have any bearing on whether Cotton had organized the trip to further Blast Abrade, Inc.'s business or not.
 {¶ 18} On a previous occasion, Callaway discussed with Cotton a possible lease for space by Blast Abrade, Inc. in a building Callaway was in the process of purchasing. From the evidence, the only `business' Appellants can point to as being discussed at any part of the trip was that at one point, Cotton asked Callaway how the "building [was] coming along." Callaway responded to this that there was "no change."
 {¶ 19} From the Appellants' own testimonies it appears that business was not a topic of discussion on the trip. Wrinkle testified that he did not remember any business being discussed on the trip. He stated that he knew of no connection between the fishing trip and the building Cotton and Callaway were talking about sharing. When asked whether the discussion on the trip involved business, Appellant Hague responded: "I don't know if it was discussion, I'm not 100 percent sure, but [Callaway] was going to buy property and [Cotton] was thinking about renting off of [Callaway]." Neither Cotton's passing inquiry on how the building was coming along nor Hague's knowledge that Cotton was thinking of entering into a lease qualifies the trip as a business trip.
 {¶ 20} The evidence shows that the Cotton and Appellants went fishing, they drank beer, and went to a casino bar; this conduct clearly falls outside of the duties Cotton was employed to perform at Blast Abrade, Inc. The trip took place after business hours on a weekend, and the tort occurred at 1 am in Lake Erie, substantially outside the authorized time and space limits of Blast Abrade Inc.'s business. Further, the trip was not actuated by a purpose to serve Blast Abrade. Cotton testified that he organized the trip merely to go fishing, and not for the purpose of furthering Blast Abrade Inc.'s business. Cotton and Appellants did not engage in any business transactions, deals or negotiations.
 {¶ 21} Appellants have not set forth evidence sufficient to establish that there is a genuine issue of fact as to whether Cotton was acting within the scope of his employment when the boating accident occurred. The issue on summary judgment is whether there is a dispute as to a material fact. See Civ.R. 56,Myocare Nursing Home, Inc. v. Fifth Third Bank,98 Ohio St.3d 545, 2003-Ohio-2287, at ¶ 33. Unless the dispute is material in nature, the motion for summary judgment should lie. Id. It is clear that fishing, drinking and visiting a casino bar in the early hours of a Saturday morning are of no benefit to Blast Abrade, Inc., and are outside Cotton's duties to his employer. This court finds that reasonable minds could only conclude that Cotton's negligence in crashing his boat into a breakwall was outside his scope of employment. See Osborne,63 Ohio St.3d at 330.
 {¶ 22} The Ohio Supreme Court in Osborne,63 Ohio St.3d at 329, held that in order for an employer to be liable under a doctrine of respondeat superior, the employee's tort must have been committed within the scope of the employment; moreover, the behavior giving rise to the tort must have been calculated to facilitate or promote the business for which the servant was employed.
 {¶ 23} As established above, there is no evidence that the fishing trip was within Cotton's scope of employment at Blast Abrade, Inc. Furthermore, there is no evidence that Blast Abrade, Inc. gained any benefit from the fishing trip. An employer is not liable for the off-duty actions of an employee where the employer receives no benefit from the employee's conduct. Byrd,57 Ohio St.3d at 59. "A servant who departs from his employment to engage in affairs of his own relieves the master from liability for his acts." (citations omitted.) State ex rel. Celebrezze v.Environmental Enterprises, Inc. (1990), 53 Ohio St.3d 147, 157.
 {¶ 24} Cotton was engaging in his own affairs and not those of Blast Abrade, Inc. when the accident occurred, relieving his employer from liability for his actions. The boat was Cotton's personal asset, which he paid for himself. Cotton paid for the boat's fuel to be used on the trip. Wrinkle, Hague, and Callaway provided the bait, beer and some cash to reimburse Cotton for fuel. Blast Abrade, Inc. received no benefit from the June 30-July 1 fishing trip. It did not receive fees from the trip; it did not pay for the trip or organize the trip. The fishing trip did not involve Blast Abrade, Inc. business in any way.
 {¶ 25} If the employee's act has no relationship to the employer's business, the employer-employee relationship is severed and the employer is not liable for such actions. Thomasv. Ohio Dept. of Rehab. Corr. (1988), 48 Ohio App.3d 86, 89. In such a case, where the employee departs from the business of the employer, the employee is acting of his or her own violation and will, not as an employee but as an independent person. LimaRy .Co. v. Little (1902), 67 Ohio St. 91, 98. It is clear that Cotton was acting as an independent person and not as an employee when he took the Appellants fishing and drinking.
 {¶ 26} This court finds that, as a matter of law, a non-business sponsored fishing/drinking and boating foray in which no business was furthered cannot create vicarious liability to an employer. Notwithstanding the fact that business may have been mentioned, it was not discussed in the furtherance of any Blast Abrade, Inc.'s business. Therefore, Blast Abrade, Inc. is not liable for Cotton's negligence in crashing his boat into the breakwall.
 {¶ 27} As established above, Cotton's actions were clearly outside the scope of his employment, and reasonable minds could not find otherwise. There are no genuine issues of material fact in dispute. Cotton's actions leading to this lawsuit were out of his own will. Blast Abrade, Inc. received no benefit from the actions of its employee. Consequently, Blast Abrade, Inc. is not vicariously liable to Appellants under the theory of respondeat superior, and it is entitled to summary judgment as a matter of law. Accordingly, we overrule Appellants' assignment of error.
 {¶ 28} We overrule Appellants' assignment of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Concurs.