DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, James and Dorothy Jevack, appeal from the decision of the Lorain County Court of Common Pleas, granting summary judgment in favor of Appellees, Church of the Open Door ("the Church") and Open Door Christian School ("the School") (collectively referred to as Open Door), and John Washburn ("Washburn"). This Court affirms.
 I. {¶ 2} On July 3, 2003, Appellants filed their complaint, alleging securities fraud, common law fraud and deceit, breach of contract, conspiracy, negligence, breach of fiduciary duty, conversion, violations of the Consumer Sales Practices *Page 2 
Act, unjust enrichment, and civil RICO. Appellants named Gary McNaughton ("McNaughton"), Washburn and Andrew Lech ("Lech") as defendants. On July 2, 2004, Appellants filed their third amended complaint naming the Church and the School as defendants and adding claims for respondeat superior liability, negligent retention/supervision, and joint and several liability pursuant to R.C. 1707.43. On June 23, 2003, the United States Securities and Exchange Commission filed a complaint for injunctive and other equitable relief against Lech and McNaughton. McNaughton was held liable and default judgment was entered against Lech.
 {¶ 3} Appellants' claims stem from an investment scheme involving McNaughton, Washburn and Lech. Mrs. Jevack was employed as the School librarian until her retirement in June of 1998. The Jevacks were not members of the Church. Washburn was an employee of the Church. He started his employment as a part-time janitor in 1988 and eventually became maintenance supervisor before he left in January of 2000. As the Church and the School were located in the same building, Mrs. Jevack and Washburn had a friendly work relationship.
 {¶ 4} McNaughton moved to the United States from Canada in 1996, when he became a member of the Church. McNaughton initially volunteered with the Church's youth program and was subsequently employed by the Church as an assistant to the youth pastor. In the late 1990's, McNaughton began a ministry *Page 3 
called The Silos, which was not located on the same property as the Church and School.
 {¶ 5} Sometime in 1998, Mrs. Jevack spoke with Washburn regarding retirement and her financial concerns. This initial conversation took place at the School, after school hours, and was initiated by Mrs. Jevack. Washburn informed Mrs. Jevack about McNaughton and told her that he might be able to help her by investing her money. The two had several conversations regarding investing. According to Washburn, McNaughton collected investments in the United States to be invested by Lech in Canada. Some time during the summer of 1998, after their initial conversation, Washburn took Appellants to McNaughton's home where they gave McNaughton a large sum of money in exchange for a promissory note. Appellants were also under the impression that they would receive 20% annual interest on their investment, that their money was safe and that the money could be returned to them at any time. Appellants made several more deposits with McNaughton, receiving in exchange a total of five promissory notes, dating from July 8, 1998 to September 7, 2001. In accordance with the promissory notes, Appellants received monthly interest checks until March of 2003. In April of 2003, Appellants attended a meeting with other investors and were informed by Lech that McNaughton would no longer be handling their money and that their interest checks would come directly from him in Canada. After this meeting, held *Page 4 
at the Silos, Appellants did not receive any more interest checks. Appellants filed their complaint on July 3, 2003.
 {¶ 6} On January 22, 2004, Appellants filed a motion for default judgment against Lech, and motions for partial summary judgment against Lech, McNaughton, and Washburn. The trial court granted default judgment on all counts as to Lech, and granted partial summary judgment against McNaughton. The trial court denied summary judgment as to Washburn. Open Door filed a motion for summary judgment on October 19, 2005. Washburn filed his motion for summary judgment on December 2, 2005. On April 10, 2006, the trial court granted Open Door's motion for summary judgment. In the same entry, the trial court granted Washburn's motion for summary judgment pursuant to R.C. 1707.43. The trial court also granted judgment in favor of intervening Plaintiff Republic-Franklin Insurance Company. However, Appellants' notice of appeal specifically stated that they appealed from the trial court's decision granting summary judgment in favor of Open Door and Washburn. Therefore, as any issues relating to Republic-Franklin are not properly before us, we will not address this portion of the trial court's judgment entry.[1] Appellants timely appealed from *Page 5 
the trial court's grant of summary judgment in favor of Washburn and Open Door, raising four assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT ON APPELLANTS' CLAIM FOR RESPONDEAT SUPERIOR LIABILITY AGAINST OPEN DOOR."
 {¶ 7} In their first assignment of error, Appellants argue that the trial court committed reversible error in granting summary judgment on their claim for respondeat superior liability against Open Door. We do not agree.
 {¶ 8} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the *Page 6 
record that show the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} Appellants specifically argue that McNaughton and Washburn's positions with Open Door allowed them to deceive Appellants, and therefore, Open Door should be held liable on a theory of respondeat superior. Appellants state in their brief that "[i]n the present case, it remains a question for the jury as to whether McNaughton and Washburn's positions with the Open Door enabled them to systematically solicited (sic) investments from Open Door community." Appellants relied on Restatement of Law 2d, Agency (1957), Sections 219 and 261 to support the argument that Open Door aided McNaughton and Washburn in accomplishing fraud upon Appellants. For reasons further explained below, Appellants' reliance upon Section 219 and 261 is misplaced and their argument lacks merit. *Page 7 
 {¶ 12} According to Section 219, a master is liable for the torts of his servants under specific circumstances. Section 219 states:
 "(1) A master is subject to liability for the torts of his servants committed while acting in the scope of their employment.
 "(2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:
 "(a) the master intended the conduct or the consequences, or
 "(b) the master was negligent or reckless, or
 "(c) the conduct violated a non-delegable duty of the master, or
 "(d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation."
 {¶ 13} Section 261 is entitled "Agent's Position Enables Him to Deceive", and states that "[a] principal who puts a servant or other agent in a position which enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud."
 {¶ 14} Appellants argue that Open Door can be found liable for McNaughton and Washburn's actions under section 219(2)(d) and on the theory that his position with Open Door enabled him to commit fraud on members of the Open Door community.
 {¶ 15} In support of their argument that Open Door could be found liable under the above Restatement sections, Appellants rely onGroob v. KeyBank, 155 Ohio App.3d 510, 2005-Ohio-6915. However, the Ohio Supreme Court reversed *Page 8 
this decision in Groob v. KeyBank, 108 Ohio St.3d 348, 2006-Ohio-1189
("Groob II"). In Groob II, the Court was asked to determine, among other issues, if an employer can be held liable for the intentional act of an employee even if the "act does not facilitate or promote the employer's business" if the employee acted with apparent authority. Id. at ¶ 41. The Court found this was not the law in Ohio and specifically held that "[f]or an employer to be liable for a tortious act of its employee, that employee must be acting within the scope of employment when the employee commits the tortious act." Id. at paragraph two of the syllabus. "[M]erely being aided by [his] employment status is not enough." Id. at ¶ 58. Further, the Court expressly declined to adopt Section 219(2)(d) of the Restatement, and stated that "[w]e have not previously determined that an employer can be found liable for the acts of its employee committed outside the scope of employment." Id. at ¶ 54. Therefore, the threshold inquiry is whether McNaughton and Washburn were acting within the scope of their employment with Open Door when they allegedly defrauded Appellants.
 {¶ 16} "If reasonable minds can only conclude that the tort occurred outside the scope of [Washburn and McNaughton's] employment, then [Open Door] would not be vicariously liable to Appellants and summary judgment in its favor would be proper." Wrinkle v. Cotton, 9th Dist. No. 03CA008401, 2004-Ohio-4335, at ¶ 8. A person is acting within the scope of his employment when: "`(a) it is of the kind he is employed to perform; (b) it occurs substantially within *Page 9 
the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master.'" Id. at ¶ 13, quotingAkron v. Holland Oil Co., 102 Ohio St.3d 1228, 2004-Ohio-2834, at ¶12-15, quoting Restatement of the Law 2d, Agency (1957), Section 228. Further, the burden is on Appellants to show that Washburn and McNaughton were acting within the scope of their employment with the purpose to serve Open Door. Id. at ¶ 16.
 {¶ 17} Appellants do not appear to argue in their brief that McNaughton and Washburn were acting within the scope of their employment. We recognize that Appellants' brief sets forth an extensive statement of the facts, however, according to Loc.R. 7F, "[r]eferences to the pertinent parts of the record shall be included in the statement of facts and in the argument section of the brief." (Emphasis added.) Appellants point to no specific fact supporting an argument that McNaughton and Washburn were acting within the scope of their employment with Open Door. They instead argue that "Open Door is not relieved of liability merely because McNaughton and Washburn's acts may have occurred outside the four corners of their job descriptions." The sole basis of their argument is that Open Door enabled them to systematically solicit investments from its members. As they have pointed to no facts establishing that Washburn and McNaughton were acting within the scope of their employment, we find they have not satisfied their burden on appeal. *Page 10 
 {¶ 18} Similarly, Appellants do not point this Court to any specific facts regarding Restatement Section 261, showing that Open Door put Washburn and McNaughton in a position that enabled them to commit fraud upon Appellants. Comment a to Section 261 states,
 "`The principal is subject to liability under the rule stated in this Section although he is entirely innocent, has received no benefit from the transaction, and, as stated in Section 262, although the agent acted solely for his own purposes. Liability is based upon the fact that the agent's position facilitates the consummation of the fraud, in that from the point of view of the third person the transaction seems regular on its face and the agent appears to be acting in the ordinary course of the business confided to him.'" Groob, 108 Ohio St.3d at ¶ 46, quoting Comment a to Section 261.
Appellants do not argue, nor does the record reflect, any facts showing that Appellants thought McNaughton and Washburn were acting in the ordinary scope of the business confided in them by Open Door, i.e., as an assistant to the youth pastor and janitor respectively, when they gave their money to McNaughton. In fact, according to Mrs. Jevack's deposition testimony, she "perceived [Washburn] to be a friend and he was recommending an investment[.]" In the present case, reasonable minds can only conclude that the tort occurred outside the scope of Washburn and McNaughton's respective employment, and therefore, summary judgment was proper. Accordingly, Appellants' first assignment of error is overruled. *Page 11 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT ON APPELLANTS' CLAIM FOR NEGLIGENT RETENTION/SUPERVISION AGAINST OPEN DOOR."
 {¶ 19} In their second assignment of error, Appellants argue that the trial court committed reversible error in granting summary judgment on their claim for negligent retention/supervision against Open Door.
 {¶ 20} As stated above, we review an award of summary judgment de novo. To prevail on a claim of negligent hiring, Appellants must establish
 "`(1) [t]he existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiffs injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.'" Collins v. Flowers, 9th Dist. No. 04CA008594, 2005-Ohio-3797, at ¶ 32, quoting Evans v. Ohio State Univ. (1996), 112 Ohio App.3d 724, 739.
 {¶ 21} Additionally, Appellants must prove that Washburn and McNaughton's acts were reasonably foreseeable to Open Door.Armbruster v. Hampton, 9th Dist. No. 05CA008716, 2006-Ohio-4530, at ¶ 24. "An act is reasonably foreseeable if the employer knew or should have known of the employee's `propensity to engage in similar criminal, tortuous, or dangerous conduct.'" Id., quoting Armaly v.Wapakoneta, 3d Dist. No. 2-05-45, 2006-Ohio-3629, at ¶ 54. "Only where the employer could anticipate the misconduct, and the employer's taking the risk of it was unreasonable, will liability be imposed for any *Page 12 
consequences." Collins, supra at ¶ 33, citing Staten v. OhioExterminating Co., Inc. (1997), 123 Ohio App.3d 526, 530.
 {¶ 22} In this case, Appellants argue that Open Door "maintained a policy of `willful blindness' to the substantial illegal activities in which its employees" were engaged. The parties do not dispute that both Washburn and McNaughton were employed by Open Door. To survive a summary judgment challenge, Appellants must also establish, among the elements of negligent retention, that a material fact remained as to Washburn and McNaughton's incompetence.
 "In this context, incompetence relates not only or exclusively to an employee's lack of ability to perform the tasks that his or her job involves. It also relates to behavior while on the job inapposite to the tasks that a job involves and which materially inhibits other employees from performing their assigned job tasks." Payton v. Receivables Outsourcing, Inc., 163 Ohio App.3d 722, 2005-Ohio-4978, at ¶ 42.
 {¶ 23} Appellants contend that McNaughton and Washburn's incompetence is "evidenced by the massive securities fraud scheme." This conclusory statement does not rise to the level of incompetence that would subject Open Door to liability for negligent retention. Appellants have established no facts before this Court or the court below, supporting a finding that Washburn and McNaughton's behavior on the job was unsuitable and that it "materially inhibited]" other Open Door employees from performing their jobs. See Id. Therefore, we find Appellants have failed to establish that a material fact remains as to the essential *Page 13 
elements of negligent hiring/retention. Accordingly, Open Door was entitled to judgment as a matter of law. Appellants' second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT ON APPELLANTS' CLAIMS FOR JOINT AND SEVERAL LIABILITY UNDER R.C. 
1707.43(A) AGAINST CHURCH/SCHOOL."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT ON APPELLANTS' CLAIMS UNDER R.C. 1707.43(A) AGAINST WASHBURN."
 {¶ 24} In their third and fourth assignments of error, Appellants contend that the trial court committed reversible error in granting summary judgment on Appellants' claim for joint and several liability under R.C. 1707.43(A) against Open Door and on their claims against Washburn. We disagree.
 {¶ 25} We review an award of summary judgment de novo. R.C.1707.43(A)[2] states in pertinent part:
 "Every sale or contract for sale made in violation of Chapter 1707 of the Revised Code, is voidable at the election of the purchaser. The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable[.]" (Emphasis added.) *Page 14 
 {¶ 26} R.C. 1707.431[3] states in relevant part that:
 "For purposes of this section, the following persons shall not be deemed to have effected, participated in, or aided the seller in any way in making, a sale or contract of sale in violation of sections 1707.01 to 1707.45 of the Revised Code:
 * * *
 "(B) Any person, other than an investment adviser or an investment adviser representative, who brings any issuer together with any potential investor, without receiving, directly or indirectly, a commission, fee, or other remuneration based on the sale of any securities by the issuer to the investor. Remuneration received by the person solely for the purpose of offsetting the reasonable out-of-pocket costs incurred by the person shall not be deemed a commission, fee, or other remuneration."
 {¶ 27} Appellants argue that under R.C. 1707.43(A), Open Door is liable because its "public venue and promotion of the affinity scheme provided a ripe environment for unscrupulous shysters." Essentially, Appellants argue that Open Door aided McNaughton by allowing McNaughton to use his position with Open Door to induce them to invest. Appellants similarly argue that Washburn aided McNaughton by soliciting investors and assuring them their investments were safe. They argue that due to his role as the "go-between", Washburn aided and participated in McNaughton's investment scheme. *Page 15 
 {¶ 28} To survive a summary judgment challenge, Appellants must show that under R.C. 1707.431, a material fact remains as to whether Open Door and Washburn received any remuneration based on the sale of the securities. As we have stated above, Appellants may not rest on "mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact." Henkle, 75 Ohio App.3d at 735. Appellants have failed to point this Court to any material facts to show that Open Door and Washburn received directly or indirectly any remuneration from the sale of the securities. Further, upon review of the record below, we find Appellants did not to point to any facts demonstrating a material dispute regarding remuneration. Rather, Appellants attach "giving statements" from Open Door regarding contributions made by McNaughton, and a Church memo stating that McNaughton was a contributor to Open Door on a regular and substantial basis. However, without more, these documents do not show that the donations were made directly or indirectly from the sale of the securities, in accordance with R.C.1707.431. Similarly, Appellants have produced no evidence that Washburn received any remuneration from the sale. Therefore, R.C. 1707.431
clearly exempts Open Door and Washburn from liability under R.C.1707.43.
 {¶ 29} The trial court properly determined Open Door and Washburn were entitled to summary judgment as a matter of law. Accordingly, Appellants' third and fourth assignments of error are overruled. *Page 16 
 III. {¶ 30} Appellants' assignments of errors are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellants. *Page 17 
SLABY, P. J., DICKINSON, J. CONCURS
[1] Republic-Franklin Insurance Company has filed a brief in the instant matter, contending that we lack jurisdiction over the portion of the trial court's order granting summary judgment on its behalf. Because this order was not raised as an assignment of error, we agree.
[2] In the instant case, the events Appellants complain of occurred from 1998 to 2003. Therefore, this opinion refers to the prior versions of R.C. 1707.43 and R.C. 1707.431.
[3] This section was amended effective in 1999 to include the language "other than an investment adviser or an investment adviser representative," along with other nonsubstantive changes. *Page 1